## Anna A. Kirkpatrick v. Modern Woodmen of America et al.

1. FRATERNAL BENEFIT SOCIETIES—*Who Is Eligible to Participate in
Benefit Funds.*—Under the law of this state no person can be eligible
to receive or participate in the benefit fund who does not bear to the
deceased member some one of the relations provided for in the consti-
tution or by-laws of the society, and these must be within the scope
provided for or permitted by the statute of the state wherein the society
was incorporated.

2. SAME—*Certificate Different from Ordinary Policy of Insurance.*—
A benefit certificate in a fraternal benefit society differs from an ordi-
nary policy of insurance, in that it speaks with reference to the condi-
tions existing at the time of the death of the member whose life has

been insured by it.  A beneficiary named in a certificate of a fraternal benefit society organized under the statutes of the State of Illinois, or like statutes of other states, has no vested interest in such certificate, or in the fund provided for its payment, until the decease of the member whose death matures the certificate.  The constitution and by-laws of the society and the statutes of the state must be construed with reference not only to the terms of the certificate, but to the status of the parties existing at the date of the death.

Bill of Interpleader.—Appeal from the Circuit Court of Madison County; the Hon. MARTIN W. SCHAEFER, Judge presiding.  Heard in this court at the February term, 1902.  Affirmed.  Opinion filed September 11, 1902.

L. M. CONKLING, E. C. HAAGEN and Jos. V. E. MARSH, attorneys for appellant.

JOHN G. IRWIN, attorney for appellees.

Payment of death benefits shall only be made to the families, heirs, blood relations, affianced wife of, or to persons dependent upon the member.  The payment of such benefits shall be subject, in all cases, to compliance by the member with the contract, rules and laws of the society.  Sec. 1, Act of 1893, Laws of 1893, p. 130; 2 Starr & Curtis, p. 2278, Sec. 253.

Fraternal benefit societies have no authority to create a fund for other persons than those included in the classes named.  In such case the power of the corporation to issue the certificate and the power of the member to designate the beneficiary are controlled and limited by the statute. Palmer v. Welch, 132 Ill. 141; Alexander v. Parker, 144 Ill. 356; Wallace v. Madden, 168 Ill. 358; Old People's Home v. Wilson, 176 Ill. 97.

The contract is between the member and the society. The beneficiary has no vested right.  Voigt v. Kersten, 164 Ill. 314; Niblack's Mut. B. Soc., Secs. 201, 202.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill of interpleader in the Circuit Court of Madison County by appellee Modern Woodmen of America against appellant, and appellees Clark Kirkpatrick, Harry Kirkpatrick and Mamie Keller.  The bill sets up

that one William D. Kirkpatrick became a member of the Modern Woodmen of America on April 3, 1894, and received a benefit certificate in the sum of $2,000, payable at his death to Anna A. Kirkpatrick, his wife; that on the 30th day of January, 1899, Anna A. Kirkpatrick procured a decree of divorce from William D. Kirkpatrick; that on the 30th day of January, 1901, William D. Kirkpatrick died intestate, leaving him surviving as his only heirs at law, his brothers, Clark Kirkpatrick and Harry Kirkpatrick, and his sister, Mamie Keller, and that said Anna A. Kirkpatrick also survived him; that at the time of his death he was in good standing in the society; that due and timely proofs of death were made, and that orator is liable on the beneficiary certificate held by him, in the amount therein, to the person or persons legally entitled to receive the same; that Anna A. Kirkpatrick claims and demands that payment shall be made to her as provided in the certificate, and the brothers and sister claim that because of her divorce she is not eligible to receive it, and demand that it shall be paid to them as the only legal heirs of deceased; and that orator has no interest in the matter or fund, other than its desire to pay the same to the person or persons legally entitled thereto; that it is in doubt as to whom it should pay and offers to bring the money into court, etc. The bill makes all the parties defendant and prays the court to order them to interplead. In pursuance of an order to that effect the society was permitted to pay the money into court, and the claimants were ruled to interplead.

The claimant Anna A. Kirkpatrick, sets up that she is the person named in the certificate as beneficiary; that at the time the certificate was issued she was the wife of the deceased member, William D. Kirkpatrick; admits that a decree of divorce was granted as charged, but denies its validity, and claims that she was the deceased member's wife at the date of his death, and further that if the decree of divorce shall be held valid that such decree does not bar her right to receive the fund. And by a subsequent amendment of her pleadings she sets up that after the decree of

divorce was rendered and before the death of William D. Kirkpatrick, he sought and obtained from her a promise that she would remarry him, and that thereupon she became and at the date of his death was his affianced wife.

Claimants Clark Kirkpatrick, Harry Kirkpatrick and Mamie Keller set up that they are the only heirs at law of the deceased member in question; aver that the decree divorcing Anna A. Kirkpatrick from said member is a valid decree; that by reason of such divorce she became ineligible to receive the fund, and that by reason of her ineligibility, they, as the only heirs at law of the deceased member, are entitled to it.

Upon final hearing, the Circuit Court denied the claim of Anna A. Kirkpatrick and found and decreed in favor of the other claimants. Anna A. Kirkpatrick appeals the case to this court.

The evidence establishes the following facts: That at the time of issuing the beneficiary certificate in question, April 30, 1894, the claimant Anna A. Kirkpatrick was the wife of the member, William D. Kirkpatrick; that on the 30th day of January, 1899, she was by decree of court divorced from him; that the member did not at any time change or attempt to change the certificate so as to name another beneficiary; that he was in good standing at the time of his death; that the name of claimant Anna A. Kirkpatrick, designated as wife of William D. Kirkpatrick, stood in the certificate at the time of the death as the beneficiary; that the death occurred January 30, 1901, and that the other claimants sustained the relation of brothers and sister to deceased and were his only legal heirs. The claim that Anna A. Kirkpatrick was, at the time of the death, decedent's affianced wife, rests solely upon her testimony and her statement in an affidavit for continuance, that deceased had said he had effected a reconciliation with her, that they were re-engaged and were to be remarried in the spring of 1901. Her account of the alleged re-engagement is, that it occurred about the first of September, 1900, during a visit of about two hours at her house in St. Louis. As abstracted by her counsel, her summing up of what occurred is:

" He asked me what I thought of it.    I said I had thought
it over seriously and I was willing to remarry him if he got
into some kind of business that was permanent where he
could support us.    He said he had several positions in view
and as soon as he got into something, and got his affairs
straightened up, which he could not do for a few months,
he thought in two or three months, in March or April, we
could be married again.    That is about the substance of
our conversation."

She says she saw him once after September 1, 1900, and
that they corresponded, but she does not state that anything
was said between them at the time she saw him on the
subject of their proposed remarriage; nor does she produce
the letters, or state that they contained any allusion to that
subject.

The constitution and by-laws of the society, in force at
the time Kirkpatrick became a member and at the time of
his death, provide that " Benefit certificates may be made
payable only to the families, widow, heirs, blood relations,
affianced wife, or person dependent upon the member, and
to such others as may be permitted by the laws of the State
of Illinois, and whom the applicant shall designate in his
application."    And that " in the event of the death of any
beneficiary prior to the death of such neighbor, and upon
his failing to designate another beneficiary, then the amount
to be paid    *    *    *    shall be due and payable    *    *    *
to the legal heirs of said neighbor."    A member of the
society is designated by the term " neighbor."    The statute
of this state, where the society was incorporated, provides :

" Payments of death benefits shall only be made to the
families, heirs, blood relations, affianced husband or wife
of, or to persons dependent upon the member."

The state of this record renders it wholly unnecessary
for us to discuss or to determine what, under our statutes
and the constitution and · by-laws of the society, would be
the rights of the legal heirs of a deceased member if con-
tested by the society, when the beneficiary named in the
certificate survives, but is ineligible to receive the fund.
Here the fund is brought into court and the society concedes

that the heirs may take it, in case the beneficiary named shall be found ineligible. As between claimants, in cases of this character, the eligible are always preferred over the ineligible. The status of all the claimants here, except Anna A. Kirkpatrick, is conclusively established; they are all eligible. The question then is, as to the eligibility of Anna A. Kirkpatrick. If she is eligible, her claim is superior and exclusive of all the others, for she is specifically named in the certificate.

Under the facts of this case and the law of this state applicable to such facts, no person can be eligible to receive or participate in the benefit fund, who did not bear to the deceased member some one of the relations provided for in the constitution or by-laws of the society, and these must be within the scope provided for or permitted by the statutes of the state wherein the society was incorporated. Baldwin v. Begley, 185 Ill. 180; Old People's Home Society v. Wilson, 176 Ill. 94; Alexander v. Parker, 144 Ill. 355; Rockhold v. Canton Masonic Benevolent Society, 129 Ill. 440.

A benefit certificate in a society of this character differs from an ordinary policy of life insurance, in that it speaks with reference to the conditions existing at the time of the death of the member whose life has been insured by it. A beneficiary named in a certificate of a fraternal benefit society, organized under the statutes of the State of Illinois or like statutes of other states, has no vested interest in such certificate or in the fund provided for its payment, until the decease of the member whose death matures the certificate. The constitution and by-laws of the society and the statutes of the state must be construed with reference not only to the terms of the certificate, but to the status of the parties existing at the date of the death. Delaney v. Delaney, 175 Ill. 187; Voigt v. Kersten, 164 Ill. 314; Baldwin v. Begley, 185 Ill. 180; Order of Railway Conductors v. Koster, 55 Mo. App. 186; Union Mutual Ass'n v. Montgomery, 70 Mich. 587; Tyler v. Odd Fellows Mutual Relief Ass'n, 145 Mass. 134.

In Order of Railway Conductors v. Koster, above cited, the court says :'

" A benefit certificate of this kind has some of the features of an insurance policy, but it also has its point of difference, and in the particular we are now considering, it is testamentary in its character.   The rule of the law of insurance, that if one have an insurable interest at the date of the policy, the policy is not vitiated by termination of that interest, does not apply in a case like this.   This act is testamentary in its character in the respect that it speaks at the death of the member.   As long as the lady  *  * filled the description given in the certificate she was under its protection, but when she ceased to fill that description, her interest in the certificate ceased.   On the death of H. H. Koster, the certificate, speaking for the first time, called for his wife, and there was none to answer."

In this case as in the case at bar, the certificate was made payable to the beneficiary by name, and her status given as " wife."   The court in that case further says :

" But when the status of the beneficiary is (at the time) the main, if not the sole, inducement for the insurance, the name becomes a mere descriptive designation, and the object of the benefit is  *  *  * in the person filling the particular status.  *  *  * The wife  *  *  * is the main designation of the beneficiary.  *  * * If there is no wife at the date of the death, the certificate lapses, unless another beneficiary has been substituted by the member, or by the laws of the order."

These authorities and the reasoning upon which the conclusions therein reached are based, clearly establish that the wife of a member of such society, named in the certificate as beneficiary, who at the time of the death of the member is divorced from him, is by reason of such divorce ineligible, and can not lawfully receive or participate in the fund.

Appellant's counsel contend that the decree divorcing her from William D. Kirkpatrick is invalid, and that notwithstanding such decree she remained, in fact, his lawful wife to the day of his death.   The alleged irregularities which it is claimed render the decree invalid, if there be in fact such irregularities, were her own wrongful acts; but

without discussing that feature, it is sufficient to say the decree is not void. It is *prima facie* valid, is at most only voidable, and can not be attacked collaterally, as is sought to be done here.

When the evidence in support of the claim that Anna A. Kirkpatrick was the affianced wife of deceased at the time of his death is fairly considered and weighed in the light of her previous conduct with respect to her relations to him, of her interest in the result of the suit at the time she testified, and of the fact that he was then dead, it proves at most, only a conditional promise on her part to remarry him—to remarry him " if he got into some kind of a business that was permanent, where he could support us." The evidence does not show that he ever afterward got into any kind of permanent business, or that the conditions which she imposed were ever waived by her. If it can be assumed that she could in any event be his affianced wife within the meaning of the statute and by-laws as between herself and the society, without his ever having in any way so designated her to the society, or so recognized her in his dealings with it, still such a conditional promise on her part as the evidence here disclosed, falls far short of establishing the status.

We find no error in this record. The decree of the Circuit Court is affirmed.