## Modern Woodmen of America, v. Clara S. Allin, Appellant, R. Fred Allin et al., Appellees.

### Gen. No. 26,590.

1. FRATERNAL AND MUTUAL BENEFIT SOCIETIES—*who are beneficiaries within designation of certificate.* Where the benefit certificate issued by a fraternal insurance society provided for payment to the "wife and children" of insured without any beneficiaries being specifically named, payment should be made to the wife and children surviving at the time of the death of the insured and not to those existing at the time the certificate was issued.

2. FRATERNAL AND MUTUAL BENEFIT SOCIETIES—*rights of second wife under certificate issued during life of first wife payable to wife and children.* A second wife of an insured, under a benefit certificate providing for payment to the "wife and children," issued during the lifetime of insured's first wife, had a beneficiary interest in the certificate and was entitled to be reimbursed for money paid out of her own funds to keep the certificate in force.

Appeal from the Circuit Court of Cook County; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded with directions. Opinion filed June 13, 1921.

LEWIS F. BAKER and SAMUEL GROSSMAN, for appellant; R. E. BLACKWOOD, for counsel.

ELLIOTT R. GOLDSMITH, for appellees.

MR. JUSTICE DEVER delivered the opinion of the court.

The Modern Woodmen of America, a fraternal benefit organization, filed a bill of interpleader in the circuit court of Cook county, in which it prayed that the defendants, R. Fred Allin, Florence A. Ingalls, Grace A. Newman and Maude A. Goldsmith, surviving children of Richard H. Allin, deceased, and Clara S. Allin, his widow, be required to present their respective claims to a fund of $3,000, which complainant

acknowledged to be due the defendants, or some of them, under a benefit certificate issued by it in May, 1887, to Richard H. Allin, under the terms of which complainant has agreed to pay said sum at his death to his wife and children.

At the time complainant issued the certificate Richard H. Allin was married to Arabella M. Allin, who died May 19, 1907. The insured and the children above named survived her. June 22, 1907, the insured married Clara S. Allin. No issue was born of this marriage. The insured died December 12, 1918, and left him surviving the defendants above named. The matters in dispute between the defendants are as to whether the four children named be allowed an equal one-fourth share each of the sum of $3,000 held by the plaintiff, or whether the widow, Clara S. Allin, shall be allowed the sum of $600, being an equal one-fifth share of the fund, and as to whether said Clara S. Allin shall be allowed a further sum of $320 with interest thereon for dues paid by her to the complainant out of her own funds to keep the benefit certificate in full force during the life of the insured. The cause was referred to a master in chancery, who found that the insured did not change the beneficiaries originally named in the certificate; that the payments made by Clara S. Allin to complainant were made voluntarily and that she was not entitled to a lien on the fund; that the reasonable construction of the phrase "wife and children" in the certificate should be that the word "wife" referred to the wife living at the time the certificate was issued, as though her name, Arabella M. Allin, had been specifically written therein; that the four children above named were entitled to the entire fund; that Clara S. Allin, insured's widow, was not entitled to any part thereof, and that she was not entitled to be reimbursed for the dues paid by her to complainant.

Certain evidence was offered for the purpose of

proving conversations between Clara S. Allin and deceased to the effect that he requested her to make payments due on the certificate, and that she had written a letter to complainant in which she informed it the payments were made to protect her interest in the certificate, and that in reply thereto complainant informed her that her interest would be protected.

The court entered a decree substantially confirming the master's report, by which decree the entire fund was ordered distributed between the four children. Clara S. Allin, the widow, brings the case by appeal to this court.

Two principal questions are presented to us for decision. The first is whether the word "wife" as used in the certificate refers to Arabella M. Allin, the wife living at the time the certificate was issued, or to Clara S. Allin, appellant. And, second, whether Clara S. Allin is entitled to be reimbursed for moneys expended by her out of her own funds to keep the certificate in force until the death of insured. At the time of the death of Arabella M. Allin in 1907, complainant's by-laws provided:

"In the event of the death of a beneficiary prior to the death of a member, and upon failure of such member to designate another beneficiary, then the amount to be paid under the Benefit Certificate shall be payable to the other surviving beneficiaries, if any there be, or if no beneficiaries survive him, then to the wife of such neighbor if she survive him, and in case he has no surviving wife, to his legal heirs."

The certificate contains upon its face a blank form to be used in the event of a change in the beneficiaries named therein, and it is clear that the insured had the right under the laws of complainant to change the beneficiaries named in the certificate at any time during his life.

The language of the certificate is that the fund was to "be paid at his death to wife and children." No particular persons were designated by name in the

certificate, and the interesting question presented is whether it must be held that the language of the certificate referred to persons sustaining the relationship of wife and children to the insured at the time the policy was issued, or whether the words used should be regarded as indicating merely classes of persons entitled to participate in the fund at insured's death. Stated otherwise, was the fund payable to the widow and children surviving at the time of the member's death, or to those existing at the time the policy was issued? For the four children it is urged that the phrase "at his death" was used in the certificate to indicate a time *in futuro* when a liability might arise, and that these words should not be so transposed as to require the fund to be payable to the wife and children surviving at the member's death. While it is true that section 47 of the by-laws above quoted indicates that upon the death of the beneficiary named in a certificate, the fund without express direction was to go to surviving beneficiaries, or failing them, then to a member's surviving wife, this section we think has no application to the present case because it appears here that specified persons were not named in the certificate as beneficiaries. The fund in question was left to classes of persons, and of necessity the determination of particular persons eligible to take as members of the classes named would rest in parol.

In *Order of Railway Conductors v. Koster,* 55 Mo. App. 186, the fund named in a benefit certificate was made payable to the "wife." After the issuance of the certificate the wife of the insured procured a divorce from him and thereafter he died without making any change in the beneficiary. In deciding the case the court held that benefit certificates in fraternal organizations differ from ordinary life insurance policies in that benefit certificates are testamentary in character, and that as long as a person claiming under a certifi-

cate filled the description given in the certificate she
would be protected thereby, but "when she ceased to
fill that description her interest in the certificate ceased.
On the death of H. A. Koster the certificate, speaking
for the first time, called for his wife, and there was
none to answer."

Clara S. Allin was insured's wife at the time of his
death. The certificate shows upon its face that it was
insured's purpose to protect and provide for his wife
and children after his death, that is to say, it is a rea-
sonable interpretation of the language used to hold
that the member intended to provide support for those
who had a legal and moral claim upon him for main-
tenance, and while the phrase "at his death" as used
in the certificate, might in other circumstances he held
to refer solely to the time when the fund named in the
certificate was to be paid, yet in view of the circum-
stances and relations of the parties, the evident pur-
pose and intention of the original parties to the con-
tract was very plainly to enable the insured to provide
for the support of those depending upon him.

In the *Koster* case, *supra,* the beneficiary was desig-
nated in the certificate under a class name, that is, the
fund was to go to the insured's wife, and the court
held that the only person who could take under the
certificate was one who could qualify as the wife of
the insured at the time of his death.

The case of *Kirkpatrick v. Modern Woodmen of
America,* 103 Ill. App. 468, is essentially like the
*Koster* case above cited. In deciding that case the
court held that in cases similar to the present case,
eligible claimants are always preferred over those who
are ineligible, and that no person can be eligible to
participate in a benefit fund who does not bear to the
deceased member some one of the relations provided
by the constitution or by-laws of a benefit society;
and the court held that:

"A benefit certificate in a society of this character

differs from an ordinary policy of life insurance, in that it speaks with reference to the conditions existing at the time of the death of the member whose life has been insured by it. A beneficiary named in a certificate of a fraternal benefit society, organized under the statutes of the State of Illinois or like statutes of other States, has no vested interest in such certificate or in the fund provided for its payment, until the decease of the member whose death matures the certificate.''

Anna A. Kirkpatrick was held ineligible to take under the certificate in the *Kirkpatrick* case solely because she did not, at the time of the death of the member, sustain toward him the relation of wife. In its decision the court said:

''As long as the lady * * * filled the description given in the certificate she was under its protection. * * * On the death of the member, the certificate, speaking for the first time, called for his wife.''

Our attention has been directed to other cases which seem to sustain the argument made by appellees. It is our opinion, however, that the certificate upon its face shows that it was the purpose of insured to protect his wife and children surviving at the time of his death.

We are of opinion also that Clara S. Allin is entitled to be reimbursed for the money paid by her to keep the certificate in force. This view is predicated upon our holding that she is entitled to a distributive share of the fund.

In *Grand Lodge A. O. U. W. v. Ehlman*, 246 Ill. 555, it was held that where a person had voluntarily made payments due on a benefit certificate he would not be entitled to reimbursement therefor where it appeared that he had no beneficial interest in the certificate, even though named therein as beneficiary. It was shown in that case that the plaintiff was not within the class of persons designated by the statute as eligible to take under the certificate. *Murphy v. Nowak,*

223 Ill. 301; *Supreme Council Royal Arcanum v. Mc-Knight*, 238 Ill. 349.

In the present case the dues were paid by a person entitled to take under the certificate. She had a beneficial interest in the fund and the payments were made by her for her benefit, as well as for the benefit of other beneficiaries.

The decree of the circuit court will be reversed and the cause remanded to that court with instructions to enter a decree not inconsistent with the views herein expressed, with costs incurred here and in the trial court to be taxed against the fund.

*Reversed and remanded with directions.*

HOLDOM, P. J., and McSURELY, J., concur.