# CHARLESTON.

J. W. Huff et al. v. Norfolk & Western Railway Company,. *Defendant Below*, Leona Huff Price, *Defendant in Error*

(No. 5955)

Submitted November 8, 1927.    Decided November 15, 1927.

Mutual Benefit Associations—Master and Servant—"*Wife*," *Named Beneficiary in Application and Subsequently Divorced for Adultery, Held Not Entitled to Benefits on Death of Member of Employer's Association.*

> Generally, the status of the beneficiary of a member of a mutual benefit association organized and controlled by a railroad company for the benefit of its employees and those having an insurable interest in their lives, is fixed at the time of the death of the member. And where the application for membership, approved by the proper officer of the association, directs that the benefit thereunder at the death of the member shall be paid to the "wife" (followed by her Christian name), and the regulations require that the person designated as beneficiary must have an insurable interest in the life of the member, and that if there be no such person named in the application at the death of the member, then the benefits shall be paid to the parents, if there be no wife or child, the relationship or status of the beneficiary to the member governs the payment of the benefits upon his death. And in such case, if the wife named in the application has subsequently been divorced because of adultery on her part, she is not entitled to the benefits at the death of the member, and such benefits must be distributed in accordance with the regulations.

> (Master and Servant, 39 C. J. § 370; Wife, 40 Cyc. p. 937.)

> (Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.) .

Error to Circuit Court, Wayne County.

Assumpsit by J. W. Huff and another against the Norfolk & Western Railway Company, which filed an affidavit of disclaimer, and in which Leona Huff Price was made a party. Judgment for Leona Huff Price, and plaintiffs bring error.

*Reversed; judgment here.*

*Vinson, Thompson, Meek & Renshaw* and *Harry Scherr,* for plaintiffs in error.

*C. W. Ferguson* and *William Earl Burgess,* for defendant in error.

LIVELY, JUDGE:

This was an action of assumpsit by the plaintiffs, J. W. Huff and Jennie Huff, to recover from the defendant, Norfolk & Western Railway Company, $625.00, representing one-half of a benefit in the Relief and Pension Department of the railway company, arising by reason of the death of one of its employees, Delbert B. Huff, the son of the plaintiffs. Upon the filing of an affidavit of disclaimer by the railway company, stating that there were rival claimants to the fund, and expressing its willingness to abide by the·direction of the court, Leona Huff Price, divorced wife of the decedent, was made a party to the action. Upon the submission of the case, judgment was rendered in favor of Leona Huff Price. This writ followed.

In an application filed with the Relief Department of the railway company by Delbert Huff, as one of its employees, which application was approved by the Superintendent of the Relief Department on November 9, 1922, the payment of benefits was directed to be made as follows: "Unless I shall otherwise designate in writing * * * death benefits shall be paid to my mother, Jennie, and my wife, Leona, in equal portions, or to the survivor."

On December 13, 1923, Delbert Huff was granted a divorce from his wife, Leona, upon the ground of the latter's adultery. On July 12, 1925, Delbert B. Huff died, unmarried, and without issue. The beneficiary designation was not revoked by the decedent, and upon his death, the railroad company paid to his mother, Jennie Huff, one-half of the benefit, namely $625.00. In the meantime, the divorced wife, Leona Huff, had intermarried with one Price, her name now being Leona Huff Price. She set up a claim for the remaining one-half of the death benefits accruing under the benefit contract. The parties agreed upon the facts, and submitted the case to

the trial court in lieu of a jury, with the result hereinbefore noted.

The theory of the plaintiffs is that the beneficiary designation as to the one-half of the benefit was the *wife* of the decedent, and that since the membership contract provided that if there should be no such person at his death the benefit should be paid as provided in the regulations, in this case payment should be made to the father and mother, as there was neither wife nor child surviving the insured. The contention of counsel for the defendant in error, Leona Huff Price, is that the beneficiary was appointed as such in her individual capacity, and furthermore, the appointment having been valid in its inception, was not affected by the subsequent divorce.

The controlling question in this case is whether the insured in his application to the Superintendent of the Relief Department had reference to the designation of "my wife, Leona", as a status, or as a specified individual who was to take under the benefit contract regardless of her status as wife.

There can be no doubt that if this were an old line insurance policy, even though the designation was intended to be that of a status, the appointment of the beneficiary having been valid at the time it was made, a subsequent divorce would not affect the vested interest of the beneficiary. *Conn. Mut. Life Ins. Co.* v. *Shaefer*, 94 U. S. 457. And the same rule is probably applicable to policies of mutual benefit associations, unless the statute under which they are organized, the constitution, by-laws or regulations of the society, expressly or by necessary implication require that a status valid in its inception must continue to exist at the death of the insured. *Hamilton* v. *McLain*, 83 W. Va. 433.

Chapter 55-A, Code, relating to fraternal benefit associations has no application to the Relief and Pension Department of the Norfolk & Western Railway Company, which, in reality is a part of the railway company's organization, and is controlled by it. Yet, the Relief Department partakes of the nature of a mutual benefit association and is governed by the general rules applicable thereto.

Ordinarily, where the term "wife" is used in describing a named beneficiary in an insurance contract, it is considered as being descriptive only. *Overhiser* v. *Overhiser,* 63 Ohio St. 77. But where the by-laws or regulations of a mutual benefit association expressly or impliedly require a certain status to exist at the death of the insured, the term "wife" even when added to a named individual, is not merely *descriptio personœ,* but is descriptive of a status. *Order of Railway Conductors* v. *Koster,* 55 Mo. App. 186; *Relief Association* v. *McAuley,* 2 Mackey's Reports (D.C.) 70; *Kirkpatrick* v. *Modern Woodmen of America,* 103 Ill. App. 468.

In the instant case a determination of whether the term "wife" was intended by the insured to be merely *descriptio personœ,* or as defining a status, renders necessary a consideration of the benefit application and the regulations of the Relief Department, which, taken together constitute the contract of insurance of a mutual benefit association.

Did the railway company in establishing its Relief Department for the benefit of its employees mean to provide benefits to others than the employees and their dependents? The purpose of the Relief and Pension Department, as set out in the regulations governing it, is that "of furnishing definite *relief benefits* to officers and employees who, by reason of accident, sickness or other cause, shall become temporarily or permanently unable to perform their duties and in the event of their death to their beneficiaries; and pension benefits to those whose advanced age, after long service, shall make them eligible for retirement."

Regulation 23 of the Relief Department provides that: "An applicant shall in his principal application or subsequently in the prescribed form, designate a beneficiary or beneficiaries, who shall, upon the approval of the designation by the Superintendent of the Relief and Pension Department, be entitled to recover his death benefit; *provided that the beneficiary named shall have an insurable interest in the life of the applicant.*"

Regulation 43 provides that payment of a benefit on account of death of a member shall be made in the following order: (1) To the beneficiary or beneficiaries named in the member-

ship principal application, or subsequently in the prescribed form, whose designation shall have been approved by the Superintendent of the Relief and Pension Department. (2) If there be no such designated beneficiary living at the member's death, then the benefit shall be paid to the wife (or husband) of the member. (3) If there be no wife (or husband) of such member living at the member's death, then payment shall be made to the child or children, and the issue of any deceased child. (4) If there be no children or the issue of such living, payment shall be made to the father and mother of the member, jointly, or to the survivor of them. (5) If there be no such person in existence as hereinbefore enumerated, the payment shall be made to the next of kin to the member according to the statute relating to distribution of personal estates. (6) If there be no kindred of the member at his death, the benefit shall lapse, and the amount remaining after the payment of funeral expenses of the deceased shall remain as a part of the relief fund.

The application of the insured, after having designated the beneficiary as noted heretofore, provided that, "If any person now or hereafter designated by me to receive the death benefit shall not be living or shall be incapacitated for executing the requisite receipt and release, or if there shall be no such person, the death benefit shall be payable as provided in the Regulations of the Relief Division (See regulation 43)."

A consideration of the purpose of this Relief Department of the railway company and the regulations governing it, impel the conclusion that the primary object of the Department was to provide benefit funds for the relief of the insured, his family and his dependents. It is true that there is no express provision so restricting the beneficiaries of the insured, but the regulations taken as a whole make it apparent that such was the purpose of the Relief Department. The requirement that the beneficiary must have an insurable interest; that the designation of a beneficiary must be approved by the Superintendent of the Relief Department; and the regulation describing the manner in which death benefits shall be paid, are indicative of the intent to restrict the beneficiaries in the main to members of the insured's family or to those

dependent upon him for support.   We do not mean to say by this that a creditor of the insured could not be made a beneficiary.   But, excluding that one possible exception, the rules of the Relief Department must be interpreted as confining the beneficiary to the classes above noted.

Bearing in mind the primary object and purpose of this Relief Department of the railway company, it becomes evident that the insured in designating his wife, Leona, as his beneficiary had reference to her not merely as an individual but as occupying the status of wife.   The status was the main inducement for the designation.   And where this is so, although there is eminent authority to the contrary, the better rule would seem to require that in the case of mutual benefit associations of this character, the status must exist at the time of the death of the insured.   *Order of Railway Conductors* v. *Koster,* 55 Mo. App. 186; *Relief Association* v. *McAuley,* 2 Mackey's Reports (Supreme Court Dist. Col.) 70; *Green* v. *Green,* 147 Ky. 608; *Knights of Columbus* v. *Rowe et al.,* 70 Conn. 545.

In *Order of Railway Conductors* v. *Koster, supra,* it was held that as a benefit certificate speaks with reference to the conditions existing at the death of the member whose life has been insured, when the status of the beneficiary under such certificate was the chief inducement to the insurance, as where the certificate was in favor of the wife of the insured and she was designated by that relationship, the right of such beneficiary lapsed, if that status did not exist at the time of the death of the insured.   It was further held that where the laws of the benefit society stipulated that the beneficiary must have an insurable interest in the life of the insured member, that interest must exist at the death of the member. And accordingly a divorced wife who had remarried, was not under such laws entitled to the benefits.   In that case the court said with reference to the designation of the beneficiary : ''When the descriptive designation is used to identify *the person,* the fact that it applies to the person no longer at the date of death is immaterial, because the beneficiary is the person and the description of his or her status a mere identification of the person but when the status of the beneficiary

is the main, if not the sole, inducement for the insurance, the name becomes a mere descriptive designation and the object of the benefit is, and always remains, in the person filling the particular status. * * * Now, it cannot be contended that this divorced wife, who had married another, could by any possible construction be designated as the wife of the member at the date of his death. Nor was she within the contemplation of the laws of the order. She had no insurable interest in the life of Koster even under the liberal view taken in *McKee* v. *Insurance Company*, 28 Mo. 385. He was under no obligation to support her, and no children of the marriage were living. At the date of the death of the member she fell under no class for whom the laws of the order made provision.''

Our conclusion is that the insured in naming the beneficiary in his application as ''my wife, Leona'' intended that Leona should receive the benefit if she was his wife at the time of his death. We are not unmindful of the authorities to the effect that, as the insured took no steps to change the beneficiary after the divorce of his wife, that fact might be considered as being indicative of his intent that Leona, his wife, should take in all events. But it seems to us just as reasonable to say that the insured having designated the beneficiary by status, believed that upon the dissolution of that status further action by him would be unnecessary.

The judgment of the lower court will be reversed, and judgment entered here for plaintiffs.

*Reversed; judgment here.*