**HERGENRATHER, Plaintiff, v STATE MUTUAL LIFE ASSURANCE COMPANY OF WORCESTER, et, Defendants.**
**HERGENRATHER, Plaintiff, v. METROPOLITAN LIFE INSURANCE COMPANY, et, Defendants.**

Ohio Appeals. Second District, Montgomery County.

Nos. 1894, 1897. Decided June 26th, 1946.

Routzohn & Nevin, Dayton, for plaintiff.

G. E. Miller, Dayton, for Defendant, William Hergenrather. Cowden, Pfarrer & Crew, Dayton, for Metropolitan Life Ins. Co. and State Mutual Life Assurance Co. of Worcester.

## OPINION

By WISEMAN. J.

This is an appeal on law from the judgment of the Common Pleas Court of Montgomery County sustaining the motion of Plaintiff-Appellee for judgment on the pleadings in the two captioned cases.

Since the material allegations in the pleadings, the factual issues involved and the legal questions raised, are identical in both cases, they have been consolidated and the assignments of error, briefs, and the Court's opinion, filed in Case numbered 1894, are considered as filed in Case numbered 1897. In the interest of clarity, the Court will consider Case numbered 1894.

This is an action for declaratory judgment in which the plaintiff, Bertie E. Hergenrather, alleges that the decedent, Cory L. Hergenrather, was insured for $4,000 on September 20, 1933, by the State Mutual Life Assurance Company of Worcester, and in said policy of insurance the insurer agreed to pay the plaintiff, the beneficiary named therein, said principal sum, plus any earnings thereon, in the event of the death of the insured; that the insured died on July 12, 1945; that proof of death was furnished and demand made for the insurance proceeds which was refused by the insurance company

for the reason that the defendant, William E. Hergenrather, refused to surrender the policy. Plaintiff prays a declaration by the Court that she is entitled to the payment of the proceeds of said policy as the beneficiary thereof:

The defendant insurance company in its answer admits all material allegations in the petition and states it is ready and willing to pay the proceeds of the policy to the plaintiff upon the surrender of said policy.

The defendant-appellant, William E. Hergenrather, as an individual and as Administrator of the estate of Cory L. Hergenrather, deceased, filed an answer and cross-petition. In his answer he admits certain material allegations in the petition and in the cross-petition alleges facts which are in support of other material allegations in the petition. The defendant-appellant further alleges that the beneficiary of said policy of insurance was "Bertie E. Hergenrather, wife of the insured"; that approximately two years before the death of the insured, he and his wife were divorced; that prior to the divorce the insured and his wife had entered into a separation agreement which was approved by the court granting the divorce and which agreement, in part, is as follows:

"Each party, by these presents, is hereby barred from any and all rights or claims by way of death, inheritance, descent, * * * and all rights or claims as widow, widower, heir, distributee, survivor or next of kin, and all other rights or claims whatsoever in or to, the estate of the other * * *whether now owned or hereafter acquired which may come in any manner, arise or accrue, by virtue of said relationship. * * * Each party hereto further agrees, upon request of the other, to execute and acknowledge any and all other deeds or instruments of release free from any apparent right of dower thereon; and to execute and acknowledge other instruments of conveyance necessary to carry out the provisions of this agreement * * *."

Defendant-appellant claims that under the separation agreement he, as Administrator of the estate of the insured, is entitled to the proceeds of said policy.

The trial Court having given judgment to the plaintiff-appellee on the pleadings, the defendant-appellant has filed assignments of error as follows:

"(1) Said Court erred in sustaining the motion of plaintiff-appellee for judgment on the pleadings.

(2) The judgment is contrary to and against the law of the case and because of said erroneous judgment, defendant-

appellant was deprived of presenting evidence material to the issues, and was prejudicial to defendant-appellant."

The legal principle is fairly well established that where a married woman is named as a beneficiary in a policy of insurance on the life of her husband she is entitled to the proceeds of the policy, even though the parties were divorced before his death. In Volume 29, Am Jur. Section 1309, the rule is stated thus:

"In accordance with the general rule, hereinbefore noted, that a life insurance policy, originally valid, does not cease to be so by reason of a cessation of insurable interest or relationship of the beneficiary in the meanwhile, the rule prevailing in many, but not all, jurisdictions, is that in the absence of a policy provision to the contrary or regulation of the matter by statute, the rights of the beneficiary in an ordinary life insurance policy, including the right to receive the proceeds thereof upon maturity of the policy, are in no way affected by the mere fact that the parties are divorced subsequent to the issuance of the policy. This is likewise the rule although the beneficiary was identified in the designation made prior to the divorce as the "Wife" of the insured, and notwithstanding that one who sustained the relationship of legal wife to the insured by virtue of a marriage subsequent to the divorce was living at the time of his death."

In **Overhiser, Admx. v Overhiser, 63 Oh St 77**, it was held:

"When a married woman is named as a beneficiary in a policy of insurance on the life of her husband she is entitled to the proceeds of the policy, notwithstanding a divorce obtained by her before his death."

In **Valentine v VanSchoyck, 19 Abs 525** Court of Appeals, Second Judicial District it was held:

"When a married woman is named as a beneficiary in a policy of insurance on the life of her husband, she is entitled to the proceeds of the policy notwithstanding the fact that the parties have been divorced and the husband has remarried before his death.

The term "Wife" after the name of the beneficiary in the insurance policy is merely descriptive."

See also **Huff v Hartlieb, 14 Oh Ap 191**, in support of the same proposition of law.

But it is contended by defendant-appellant that the cases cited do not reach the question herein raised, viz: that the

separation agreement effected between husband and wife worked a forfeiture of the wife's rights as beneficiary. The right of the wife to recover the proceeds of the policy does not hinge on the existence of a relationship of husband and wife, but rather on the well established principles of contract law. The pleadings do not disclose any terms of the policy which would indicate that the right of the beneficiary to the fruits of the policy is conditioned upon her remaining the wife of the insured. The fact that her status had changed before the death of the insured did not in any manner deprive her of a right she already possessed. The words "Wife of the insured" after the name of the beneficiary were merely descriptive.

The defendant-appellant contends it was not the intention of the parties that the plaintiff-appellee should recover the proceeds of the policy. We cannot draw this conclusion from the pleadings: There is no allegation in the pleadings to indicate whether the insured reserved the right to change the beneficiary. If he did not reserve the right to change the beneficiary, the position of defendant-appellant would be most untenable. If he did reserve the right to change the beneficiary, he easily could have divested her right by changing the beneficiary, and, upon his failure to do so, the Court would be justified in assuming that he intended that the beneficiary named should receive the insurance proceeds.

We concede the wife could have relinquished her right by contract. 52 A. L. R. page 400; 128 Am. St. Rep. page 316. Did the separation agreement by its terms operate as a relinquishment of her rights to the proceeds of the policy? We do not think so. Her right did not "come in any manner, arise or accrue by virtue of said relationship" as provided in the separation agreement. Her right did not arise out of the relation of husband and wife. True, she was his wife at the time the policy was issued and this fact undoubtedly was the reason why she was named as beneficiary, but her property interest in the policy did not arise out of the marriage relation. Wallace v Mutual Ben. L. Ins. Co. 97 Minn. 27, 3 L. R. A. (N.S.) 478, 106 N. W. 84.

We are of the opinion that the trial court did not commit error in giving the plaintiff-appellee judgment on the pleadings. The judgment of the trial court will be affirmed.

HORNBECK, PJ, concurs in judgment, MILLER, J, concurs.