# Richmond

LUCILLE KURTZ v. WILLIAM P. DICKSON, JR., ADM'R., ETC., ET AL.

June 8, 1953.

Record No. 4078.

Present, Eggleston, Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Gordon E. Campbell, George H. Gray,* for appellant.

*Jonathan W. Old, Jr., Willcox, Cooke & William P. Dickson, Jr.,* for appellees.

SPRATLEY, J., delivered the opinion of the court.

This is a suit for a declaratory decree to determine who is entitled to the contributions made by the late Daniel E. Hobbs to the Employees' Retirement System of the City of Norfolk, Virginia, while he was a police officer of the said city. The suit was instituted by Ann Clatie Hobbs, the widow of Daniel E. Hobbs, against the City of Norfolk and Lucille Kurtz. Lucille Kurtz was the first wife of the deceased, from whom deceased had obtained an absolute divorce. William P. Dickson, Jr., administrator of the estate of Hobbs, was, at his request, joined as a party defendant. A separate answer to the bill was filed by each of the defendants.

The City of Norfolk, in its answer, states that it is ready and willing to pay the accumulated contributions of the decedent, amounting to $1,527.77, to the person determined to be legally entitled to receive the same.

Ann Clatie Hobbs, in her bill, contends that by virtue of a separation agreement entered into between the deceased and his first wife, an agreement subsequently approved in the divorce decree obtained by Hobbs from his first wife, the first wife released any and all claims to the fund in controversy; and that the complainant, by virtue of her marriage, and her continuance as the wife of Hobbs until his death, was entitled to the same. Upon appeal, however, Ann Clatie Hobbs joins in the contention of the administrator that the fund should be paid to the latter as a part of the estate of her late husband.

Mrs. Kurtz, in her answer, denies that her right to receive the said fund is precluded either by the property settlement she made with her former husband or by the terms of the decree against her.

The cause came on to be heard on the bill, the answers, the general replication thereto, and the testimony of the witnesses heard *ore tenus.* The trial court decreed that the fund constituted part of the personal estate of Daniel E. Hobbs, deceased, and ordered that it be paid to his administrator. Mrs. Kurtz perfected this appeal.

Daniel E. Hobbs, a member of the police force of the City of

Norfolk, became a participant in the Employees' Retirement System of that city, on January 31, 1942. At that time, his wife was Lucille Hobbs, the appellant, now known as Lucille Kurtz.

Section 37-13 of the Norfolk City Code, 1950, makes provision for both accidental death benefits and pensions to those who participate in the Employees' Retirement System of that city. The provisions of the pension plan are not here involved. We are concerned only with the proceeds from the accidental death benefit provision. So far as is pertinent thereto, § 37-13 reads as follows:

"Accidental death benefit. If, upon the receipt of proofs, satisfactory to the board, of the death of a member in service indicating that such death was the natural and proximate result of an accident occurring while the member was in the actual performance of duty, the board shall decide that death was the result of an accident in the actual performance of duty occurring at some definite time and place, and not caused by wilful negligence on the part of the member, there shall be paid:

"(a) His contributions, together with such interest thereon, not less than one-half of accumulated regular interest thereon, as the board shall allow, to such person, if any, as he shall have nominated by written designation duly acknowledged and filed with the board, otherwise to his estate; * * *."

Upon his admission as a participant in the System, Hobbs duly made and filed the following written designation of the person who, in the event of his accidental death, should receive the contributions made by him:

"I, the undersigned, do hereby designate Lucille Hobbs, whose address is 2918 Somme Avenue, and whose relationship to me is wife, as the beneficiary to whom I request the Board of Trustees of the Employees' Retirement System of the City of Norfolk to pay in the event of my death before retirement allowance, the total amount of the contributions previously made by me with such interest as is allowable thereon."

On December 15, 1947, Hobbs was awarded a decree of divorce *a mensa* against Lucille Hobbs on the ground of desertion. That decree confirmed and approved a property settlement and separation agreement between the parties dated December 9, 1947, and adjudged that the marital rights of each party to the suit "in and to any property owned by the other party be and the same are hereby extinguished."

In the agreement, Lucille Hobbs acknowledged receipt of $2,750.00 in full settlement of all her right to any interest in a certain parcel of real property, and of all her claims against Hobbs "for alimony and/or support." The agreement also set apart specifically described personal property for each of the parties, and further provided that "Each party hereby relinquishes his or her marital rights in and to the respective property of the other."

On November 3, 1948, the decree of divorce *a mensa* was merged into a decree *a vinculo matrimonii,* and the marriage between Hobbs and his first wife thereby dissolved. Four months after the date of the final decree, Hobbs married Ann Clatie Hobbs, and they lived together as husband and wife until his death. Subsequent to June, 1949, Lucille Hobbs married again, thereby becoming Lucille Kurtz.

Daniel E. Hobbs died on April 7, 1952, as a natural and proximate result of an accident occurring while he was in the actual performance of duty. At the time of his death, he had not changed the designation of Lucille Hobbs as the person to receive his accumulated contributions.

Over the objection of the administrator, the trial court admitted the testimony of Mrs. Kurtz that Hobbs told her, after he had married his second wife, that he did not intend to change the beneficiary of his contributions in the retirement system; and the testimony of Elizabeth Hobbs, a daughter of the deceased by his first wife, and of a nephew, that Hobbs told them he wanted Elizabeth Hobbs to receive the benefit of such contributions. Inasmuch as we think that the rights of the parties are to be determined by a consideration of the provisions of § 37-13 of the Code of the City of Norfolk, the written designation, the separation agreement, and the divorce decrees mentioned, this testimony was inadmissible. Moreover the testimony lacked the corroboration required by § 8-286, Code of Virginia, 1950.

█ The law applicable to the facts before us is, we think, the same as that which applies to the rights of a divorced wife in the proceeds of a policy of insurance on the life of her former husband, in which policy she was, as his wife, named as his beneficiary, and the husband failed to change such designation after a divorce and before his death.

But whether the contributions made by Hobbs to the retirement system are analogous to the proceeds from an ordinary life

insurance policy with an accidental death benefit, or resemble the proceeds from fraternal or mutual benefit insurance is not material here, in the absence of a controlling statute, or any rule or regulation of the Employees' Retirement System of the City of Norfolk, which automatically changes the designation of the wife of a participant as his beneficiary, in the event her husband subsequently obtains an absolute divorce from her.

█ It is conceded that Hobbs had the absolute right, under § 37-13 of the Norfolk City Code, without the consent of anyone, to designate any person whom he might desire as the beneficiary to receive his accumulated contributions, in the event of his accidental death. In accordance therewith, Hobbs specifically designated ''Lucille Hobbs,'' gave her address, and then stated her relation to him as that of wife. This was the designation of a specific person. The statement of her relationship was not a condition of that designation; that is, the designation of a status. The words ''whose relationship to me is wife'' are merely descriptive; they do not name the beneficiary but describe her. On this point, the law seems well settled.

''Ordinarily, where the term 'wife' is used in describing a named beneficiary in an insurance contract, it is considered as being descriptive only.'' Annotation 175 A. L. R., page 1226.

The word ''wife'' in the description of the beneficiary is generally regarded as *descriptio personae,* and not a condition of the designation. *Hergenrather* v. *State Mutual Life Assurance Co.,* 79 Ohio App. 116, 68 N. E. 2d, 833, 835; *Federal Life Ins. Co.* v. *Tietsort,* (CCA 7th, Ill.) 131 Fed. 2d 448 (Cert. den.) 318 U. S. 768, 87 L. Ed. 1139, 63 S. Ct. 762; *Pate* v. *Citizens & Southern National Bank,* 203 Ga. 442, 47 S. E. 2d 277; 29 Am. Jur., Insurance, § 1292, page 965; 46 C. J. S., Insurance, § 1160, page 44.

█ The controlling question in this case is whether the right of the first wife, Mrs. Kurtz, to receive the fund in question is barred by provisions of her property settlement agreement with her former husband, or by the terms of the decree of divorce obtained by him.

As has been stated, the property settlement agreement between Hobbs and his first wife embraced only her rights and claims as to certain specified real and personal property, claims for alimony or support, and claims arising out of marital rights. The agreement listed no other property and she did not release

her right to any other property. Her right to the contributions of Hobbs to the retirement system was not a marital right. The fact that she was his wife at the time the designation was made was undoubtedly the reason why she was named as beneficiary. However, her interest in the fund did not arise out of the marriage relation; it arose out of the agreement between Hobbs and the City of Norfolk. Hobbs did not have to set it off to her. It belonged to him, and he had the right to change the beneficiary and to dispose of it, under the terms of the retirement system, as he saw fit.

The divorce decree went no further as to property rights. It simply approved the settlement between the parties and extinguished their marital rights.

It is generally held that a separation agreement barring all of a divorced wife's rights arising out of the marriage relation does not deprive the divorced wife of the right to proceeds of insurance on her husband's life, where she has been named as the beneficiary in the contract of insurance. Her right to the proceeds is dependent on the established principles of contract law. *Hergenrather* v. *State Mutual Life Assurance Co., supra; John Hancock Mutual Life Insurance Co., etc.* v. *Heidrick,* 135 N. J. Eq. 326, 38 Atl. 2d 442.

In *John Hancock Mutual Life Insurance Co.* v. *Heidrick, supra,* a policy of insurance on the life of Frederick Heidrick was payable by its terms to "his wife, Annette M. Heidrick." Mrs. Heidrick secured a divorce and thereafter the insured married a second time. He subsequently died while married to the second wife, without making any change of beneficiary. At the time of the divorce, Heidrick and his first wife had entered into a separation agreement, whereby each of them waived and released all claims of either against the other or the other's estate, "by reason of any matter, cause or thing whatsoever to the date of the agreement." The court held that the effect of the agreement was to release the husband from any claim against him or his estate; but that the first wife's claim under the insurance policy was neither against him nor the estate but was against the insurance company which issued the policy.

In *Hergenrather* v. *State Mutual Life Assurance Co., supra,* it was held that a separation agreement barring all of a divorced wife's rights arising out of the marriage relation did not deprive

the divorced wife of the right to proceeds of her husband's life policy naming her as beneficiary.

Under the rule prevailing in most jurisdictions, a dissolution of the marriage relation existing between a wife and her husband at the time she is designated as his beneficiary in a policy of insurance on his life, does not *ipso facto* deprive her of the right to receive the benefits provided by the insurance certificate upon his death, where there has been no change of beneficiary. The wife's interest in the insurance does not arise out of the marriage relation; it is dependent on the established principles of the law of contract. *Federal Life Insurance Co.* v. *Tietsort, supra; Tromp* v. *National Reserve Life Insurance Co.,* 143 *Kansas* 98, 53 Pac. 2d 831.

In 175 A. L. R., page 1224, supplementing 52 A. L. R., page 389, this is said: "The legal principle is fairly well established that where one spouse is named as beneficiary in a policy of insurance on the life of the other, such spouse is entitled to the proceeds of the policy, even though the parties were divorced, in the absence of any terms in the policy indicating that the right of the beneficiary to proceeds thereof is conditioned upon the continuance of the marital relationship, or regulation of the matter by statute."

Further support is found in Couch on Insurance, Volume 2, page 1268, § 440h and in Cooley's Briefs on Insurance (2d Ed.) Volume 7, page 6358.

In 46 C.J.S., Insurance, § 1160, page 45, this is said:

"Effect of divorce. Under a policy naming and designating the wife of insured as beneficiary, the person holding that relation to insured at the time the policy is issued, and not the one who may become his wife by a subsequent marriage after the divorce of the former, is to be deemed the beneficiary under the policy. Except in a few jurisdictions, a subsequent divorce alone will not defeat the right of the person designated in the policy as wife to recover thereunder, such designation being regarded as merely descriptive; * * *."

To the same effect, see 29 Am. Jur., Insurance, § 1309, pages 976, *et seq.*, where the rule is stated thus:

"In accordance with the general rule, hereinbefore noted, that a life insurance policy, originally valid, does not cease to be so by reason of the cessation of the insurable interest or relationship of the beneficiary in the meanwhile, the rule pre-

vailing in many, but not all, jurisdictions is that in the absence of a policy provision to the contrary or regulation of the matter by statute, the rights of the beneficiary in an ordinary life insurance policy, including the right to receive the proceeds thereof upon maturity of the policy, are in no way affected by the mere fact that the parties are divorced subsequent to issuance of the policy. This is likewise the rule although the beneficiary was identified in the designation made prior to the divorce as the 'wife' of the insured, and notwithstanding that one who sustained the relationship of legal wife to the insured by virtue of a marriage subsequent to the divorce was living at the time of his death.''

William P. Dickson, Jr., the administrator, in support of his claim, relies upon *Vellines* v. *Ely,* 185 Va. 889, 41 S. E. 2d 21; *Huff, et al.* v. *Norfolk & Western Railway Co.,* 104 W. Va. 464, 140 S. E. 335, 59 A. L. R. 167; and *Herdman* v. *McCormick,* 111 Ind. App. 169, 40 N. E. 2d 1009.

The facts in the present case may be readily distinguished from those in *Vellines* v. *Ely, supra.* The separation agreement in the Vellines case provided for a ''settlement, adjustment and compromise of *all property rights,*'' and further barred each party from ''*any and all rights or claims by way of dower, curtesy, inheritance, descent, distribution or in any other way arising out of said property.*'' In adopting the settlement agreement, the decree of divorce *a mensa* further adjudged and ordered that neither party should have any interest *in any property owned by the other party.*'' (Italics added.) We held since, in the contracts of insurance there involved, the insured had the right to collect the cash surrender value of the policies, as well as the right to change the beneficiary, the contracts were his property, and that he had the same right to dispose of such property as he had to dispose of his other assets. Furthermore, it was established that Vellines had evidenced his intent to make a change of the beneficiary.

In the present case, as we have seen, the agreement does not cover all of the property rights of the parties thereto.

Both the *Huff* and *McCormick* cases recognized the general rule that the mere fact of a divorce alone does not thereby disqualify a divorced wife as the beneficiary and deprive her of the benefits provided by a contract of insurance on the life of her former husband, in which she was, during the existence of their

marriage relation, designated as his beneficiary. In each of those cases, however, it was found that the divorced wife had been, under the rules and regulations of the particular insurer, designated the beneficiary not as a person, but as a status, and upon the dissolution of such status her rights were terminated.

There has been shown no rule or regulation of the Employees' Retirement System of the City of Norfolk, which automatically changed the designation of the first wife of Hobbs as beneficiary, in the event Hobbs obtained a divorce from her, or upon any other happening.

Here we are faced with a situation where Hobbs, with full power to change his beneficiary, left his contract to stand as originally written. What motive prompted him to do so we do not know with any certainty. He made no change of beneficiary after divorce and his second marriage. He failed to include his contributions to the retirement system along with his other property in the property settlement agreement. His failure in these respects, we think, may be considered as an indication of his intent that his named beneficiary should receive the fund in question.

For the foregoing reasons, we are of opinion to reverse and set aside the decree of the trial court, and to enter a final decree here adjudging and ordering the City of Norfolk and the Board of Trustees of the Employees' Retirement System of the City of Norfolk to pay the fund in controversy to Lucille Kurtz, the appellant. The appellant substantially prevailing, the costs of this proceeding are to be paid by William P. Dickson, Jr., administrator of the estate of Daniel E. Hobbs, deceased. It is so ordered and decreed.

*Reversed and final decree.*