## CIRCUIT COURT OF THE CITY OF WINCHESTER

Woodmen of the World
Life Ins. Co.

v.

Carol L. Synowietz et al.

December 3, 1993

Case No. (Chancery) 93–109

BY JUDGE JOHN E. WETSEL, JR.

This interpleader action came before the Court on December 3, 1993, for trial on the issue of whether the former wife was barred by the terms of a separation agreement from receiving the proceeds of a life insurance policy of her former husband on which he had never changed her name as the designated beneficiary despite his two subsequent marriages. J. Sloan Kuykendall, III, Esquire, appeared for the Complainant; Timothy S. Coyne, Esquire, appeared for the Defendant Synowietz; and Gregory F. Hutchinson, Esquire, appeared for the Defendant Judith Puffinburger. Douglas M. Swift, Esquire, appeared for the Defendant Sarah Puffinburger, and advised the Court that he had determined that his client had no interest in the fund in dispute. Gloria Puffinburger filed no answer and made no appearance in this case.

Evidence was heard *ore tenus* and argued by counsel. Upon consideration whereof, the Court has made the following decision.

### I. *Findings of Facts*

The following facts are found by the greater weight of the evidence.

Complainant Woodmen of the World Life Insurance Society is a corporation organized and existing under the laws of the State of Nebraska, is duly authorized to do business in the Commonwealth of Virginia, and is engaged in the business of insuring lives of residents of this state and elsewhere. On February 1, 1981, James M. Puffin-

burger purchased a life insurance policy, Certificate # 3808630, from Woodmen.

At the time James M. Puffinburger purchased the Woodmen life insurance policy, he was married to Defendant Carol L. Synowietz, formerly Carol L. Puffinburger, and she was designated as the primary beneficiary on the policy, and Judith Puffinburger, the mother of James M. Puffinburger, was designated as the alternate beneficiary on the policy. James Puffinburger never changed his initial designation of beneficiaries.

James Puffinburger and Carol Synowietz were divorced by decree of the Circuit Court of the City of Winchester on December 16, 1985. Prior to entry of the divorce decree, James M. Puffinburger and Carol L. Synowietz entered into a Separation Agreement dated November 21, 1985. The Separation Agreement contains a "Mutual Release" paragraph wherein Carol L. Synowietz released her rights to property of James Puffinburger, and there is a dispute about the scope of that release. Following their divorce, James Puffinburger and Carol L. Synowietz maintained a friendly relationship.

Sometime in 1986 or 1987 James Puffinburger called Robert G. Patterson, an agent for Woodmen, told Patterson that he had been divorced, and asked to see his insurance policy. Mr. Patterson sent Mr. Puffinburger information on changing the beneficiary of his policy and scheduled a meeting with Mr. Puffinburger. Mr. Puffinburger failed to show up for this meeting and never made any change in the beneficiaries of the insurance policy.

Following his divorce from Carol Synowietz, James Puffinburger married Katherine Puffinburger in 1989, and there was one child born as a result of the marriage, Defendant Sarah K. Puffinburger. James Puffinburger and Katherine Puffinburger were divorced, and in 1992, James Puffinburger married Defendant Gloria Puffinburger to whom he was married at the time of his death.

Each year, Woodmen provided to Mr. Puffinburger an annual statement concerning the status of his insurance certificate and a statement of the dividends paid.

On January 15, 1993, James M. Puffinburger died from electrocution thereby triggering payment of the proceeds of the Woodmen life insurance policy.

## II. *Conclusions of Law*

"Under the rule prevailing in most jurisdictions, a dissolution of the marriage relation existing between a wife and her husband at the time she is designated as his beneficiary in a policy of insurance on his life, does not *ipso facto* deprive her of the right to receive the benefits provided by the insurance certificate upon his death, where there has been no change of beneficiary. The wife's interest in the insurance does not arise out of the marriage relation; it is dependent on the established principles of the law of contract." *Kurtz* v. *Dickson*, 194 Va. 957, 963, 76 S.E.2d 219 (1953).

In 1993, the Virginia General Assembly enacted Section 20-111.1, which changes the general rule and which provides, in part:

> Upon entry of a decree of annulment or divorce from the bond of matrimony *on or after July 1, 1993*, any revocable beneficiary designation contained in a then existing written contract owned by one party that provides for the payment of any death benefit to the other party is revoked.

Va. Code § 20–111.1 (Cum. Supp. 1993) (emphasis added). However, Virginia Code § 20–111.1 does not apply to this action.

For cases arising before July 1, 1993, where a former spouse remains named as the beneficiary on a life insurance policy of the other former spouse after the parties are divorced, the analysis to determine whether the former spouse is entitled to the life insurance proceeds is twofold. First, the inquiry is whether there is any provision in the life insurance policy which will vitiate payment to the former spouse. If the answer is no, as it is in this case, the second consideration is whether there is any provision in the final divorce decree or other contract between the parties, such as the November 21, 1985, Separation Agreement between James Puffinburger and Synowietz in this case, which abrogates the former spouse's right to take under the policy.

In *Vellines* v. *Ely*, 185 Va. 889, 897, 41 S.E.2d 21 (1947), the Supreme Court held that the general release provisions in the separation agreement between the parties barred the former wife's right to life insurance proceeds even though she was still the named beneficiary, stating:

> Apart from all of this, the contract itself. as written, is unambiguous. This is stated as a reason for its execution . . . .

"it is now desired to adjust and settle the property rights of the said parties.

"Now, therefore, in settlement, adjustment and compromise of all *property rights* [italics supplied in original] and in consideration of the mutual promises and covenants herein contained, the parties hereto have agreed, as follows . . . .

"2. It is mutually agreed and understood between the parties hereto that each may freely sell or otherwise dispose of his or her own property by gift, deed or will, without in any wise encumbering the rights of the other . . . ."

When this settlement was made, the cash surrender value of these policies was over $2,000. Of course, his interest in them was a property right. *While the wife's interest was contingent, it was also a property right. Certainly she cannot be heard to say it was not then a property right, for she is now claiming their entire proceeds* [emphasis added].

In *Kurtz v. Dickson, supra* at 964, the release language in the separation agreement was not as broad as that in the *Vellines* agreement, and the Supreme Court strictly construed the language of the separation agreement and ruled:

The facts in the present case may be readily distinguished from those in *Vellines* v. *Ely, supra.* The separation agreement in the Vellines case provided for a "settlement, adjustment and compromise of *all property rights,*" and further barred each party from "*any and all rights or claims by way of dower, curtesy, inheritance, descent, distribution or in any other way arising out of said property.*" In adopting the settlement agreement, the decree of divorce *a mensa* further adjudged and ordered that neither party should have any interest *in any property owned by the other party.*" [Italics added in original.] We held since, in the contracts of insurance there involved, the insured had the right to collect the cash surrender value of the policies, as well as the right to change the beneficiary, the contracts were his property, and that he had the same right to dispose of such property as he had to dispose of his other assets. Furthermore, it was established that Vellines had evidenced his intent to make a change of the beneficiary.

In the present case [*Kurtz*], as we have seen, the *agreement does not cover all of the property rights of the parties* thereto [emphasis added].

Paragraph 7 of the November 21, 1985, separation agreement between James Puffinburger and Carol Synowietz, expressly provided:

Wife hereby immediately and *forever releases* and relinquishes *any and all right, title and interest which she has now or at any time may have in and to the real, personal or mixed property of Husband, all right of dower, all right, title and interest which she has now or ever may have in and to the property or estate of Husband at his death,* and any and all right, that she may have to take against his Last Will and Testament or under intestacy laws, and each and every other right, interest and title she may have or has against the Husband, his heirs, executors, administrators and assigns with the single exception of the rights that are given her in and by this Agreement.

This broad, all embracing, clear contractual language is a release of all property rights of Carol Synowietz in the property of James Puffinburger, which included the life insurance proceeds at issue, just as in *Vellines* v. *Ely*, *supra*. The broad release language in this case stands in stark contrast to the more narrow terms of release, which controlled in *Kurtz* v. *Dickson*, *supra*.

The release provisions in the November 21, 1985, Separation Agreement entered into by James Puffinburger and Carol L. Synowietz bar the rights of Carol L. Synowietz as the named beneficiary of Certificate # 3808630, issued by the Woodmen.

### III. *Decision*

For the foregoing reasons, it is adjudged, ordered and decreed that:

1. The proceeds of the Woodmen life insurance policy, Certificate # 3808630, issued by the Complainant, are payable to Defendant Judith Puffinburger.

2. Woodmen shall pay the life insurance proceeds to the Clerk of this Court pursuant to Virginia Code § 8.01–600. This fund shall be invested according to law and held for the benefit of Judith K. Puffinburger, born July 20, 1931, SSN: 231–34–5876, c/o Gregory F. Hutchinson, Esquire. If this case is not appealed, the Clerk shall pay this

fund to Judith Puffinburger thirty days from the date of entry of this Decree. If this case is appealed, the Clerk shall hold this fund pending the results of the appeal.

3. An appeal bond of $500.00 is set, and counsel for Synowietz noted his objection to the ruling of the court for the reasons set forth in his memorandum of authorities.

The Clerk is directed to send a copy of this order to counsel of record.