Carpenter et, Plaintiffs, *v.* Carpenter et, Defendants.

Common Pleas Court, Tuscarawas County.

No. 35597.   Decided September 21, 1962.

*Mr. Mario D. Corsi*, for plaintiffs.

*Messrs. Sani & Barnhouse*, for the defendant, Daisy B. Carpenter.

*Mr. C. P. Hoffman*, for the administrator of the estate of Wayne B. Carpenter, Deceased.

*Messrs. Day, Cope, Ketterer, Raley & Wright*, for the Prudential Insurance Company of America.

LAMNECK, J. The question presented in this case is whether it must be held as a matter of law that the Defendant, Daisy B. Carpenter, now Getchey, waived her right to receive the proceeds of certain insurance policies on the life of her former husband, Wayne B. Carpenter who died on September 29, 1961,

by reason of a Separation Agreement entered into by her with the said Wayne B. Carpenter on September 11, 1961.

The said decedent and the said Daisy B. Carpenter lived separate and apart until the date of the decedent's death. Some question has been raised as to the validity of said Separation Agreement, but the Court finds from the pleadings and the evidence that it was a valid and subsisting document at the time of the decedent's death.

At the time of his death, the decedent was the owner of four life insurance policies in which the said Daisy B. Carpenter was named as beneficiary.

Under Group Policy No. 54832, Certificate No. 237 issued by the Aetna Life Insurance Co., the Defendant, Daisy B. Carpenter, was paid the sum of $7500.00 on October 3, 1961. Under this policy, the decedent, Wayne B. Carpenter is the insured and Daisy B. Carpenter, the named beneficiary. The insured reserved the right to change the beneficiary but had not done so prior to his death.

Under Policy No. 17,818,230 dated November 25, 1949, issued by the Prudential Insurance Company of America for the face sum of $5,000.00 the decedent is the insured, and the said "Daisy B. Carpenter, wife" is the named beneficiary. This policy contains the following provision:

"The beneficiary under the policy may be changed from time to time, upon proper written request, provided such request is submitted to the Home Office together with this policy for endorsement, but such change shall become operative only if the Policy is endorsed by the Company."

The named beneficiary was not changed by the decedent prior to his death, endorsed on the policy.

Under Policy No. D45,026,778 dated August 7, 1957, issued by the Prudential Insurance Co. of America for the base amount of $3,000.00, the decedent, Wayne B. Carpenter, his wife and children are the insured. "Daisy B. Carpenter" is named as he wife in the decedent's application for this policy.

This policy contains the following provisions:

"Unless otherwise provided by endorsement hereon the beneficiary (1) for insurance upon the death of the insured shall be said wife if living, otherwise the estate of the insured;"

"The beneficiary for any insurance under this policy may

be changed from time to time, upon proper written request made, before such insurance becomes payable, but such change shall become operative only if the policy is so endorsed by the company."

There was no change in the named beneficiary endorsed on the policy prior to the decedent's death.

Policy No. 27,380, 875 on the life of the decedent issued by the Prudential Insurance Co. of America is dated September 5, 1957, for an initial amount of $5,000.00. In this policy "Daisy B. Carpenter, Wife of the Insured" is the named beneficiary.

This policy contains the following provision:

"The Beneficiary under this policy may be changed from time to time, upon proper written request, provided such request is submitted to the Home office together with this policy for endorsement, but such change shall become operative only if this Policy is endorsed by the Company."

There was no change of beneficiary in this policy prior to the decedent's death endorsed on the policy.

The Prudential Insurance Company of America has not paid any of the proceeds on the aforesaid three policies issued by it. It filed an interpleader in this action in which it asks the Court for an order directing the disposition of the proceeds of said policies.

In this action, the minor Plaintiffs, children of the deceased and the said Daisy B. Carpenter, now Getchey, by their next friends ask for a declaratory judgment in which they seek among other things, a declaration of their rights under said separation agreement and said insurance contracts.

The Plaintiffs contend that by virtue of said Separation Agreement the said Daisy B. Carpenter, now Getchey, waived, released and relinquished all her rights under said insurance contracts, and that the proceeds thereof are assets of decedent's estate under which they are the sole distributees.

The Plaintiffs rely on several provisions of the Separation Agreement to maintain their position.

Under the seventh paragraph it is provided among other things that:

"Each party is by these presents hereby barred . . . of all other rights or claims whatsoever in or to the estate of the other, whether real or personal, and whether now owned or

hereafter acquired, which may, *in any manner arise or accrue by virtue of said marriage.*"

The right to inherit, dower, year's support, and to live in the mansion house are all waived in the agreement. No mention is made of insurance.

The eighth paragraph of the Separation Agreement reads as follows:

"And each party further agrees that the other party shall have full liberty to dispose of all his or her property, real and personal, whether now owned or hereafter acquired, during life, or by last will and testament and that, upon the death of such party, all of his or her property, real and personal, which shall not have been disposed of, during life or by last will and testament, shall descend to, vest in and be distributed to such person or persons as would be entitled to the same by the statutes of descent and distribution of the state of Ohio then in effect, had the surviving party died during the life of the other party."

In most jurisdictions, it is held that in the absence of a policy provision to the contrary, or regulation by statute, the rights of the beneficiary in an ordinary life insurance policy, including the right to receive the proceeds thereof upon maturity of the policy, are in no way affected by the mere fact that the parties are divorced subsequent to the issuance of the policy. See 29 A Am. Jur. Sec. 1642, Page 723; *Overhiser* v. *Overhiser*, 63 Ohio St., 77, 57 N. E., 965; *Stone* v. *Stephens*, 92 Ohio App., 53, 110 N. E. (2d), 718.

In a case where a husband and wife are not divorced but are living separate and apart under a separation agreement as authorized by Section 3103.06, Revised Code, the right of a named beneficiary to receive the proceeds of an ordinary insurance policy is likewise in no way affected by the mere fact that the parties are living separate and apart under a separation agreement. See *Supreme Council* v. *Smith*, 45 N. J. Eq., 466, 17 Atl., 770.

In the instant case there was no divorce. It has been held in Ohio that the right of a wife to recover the proceeds of an insurance policy does not hinge on the relationship of husband and wife, but is determined by the well established principles of contract law. See *Hergenrather* v. *Insurance Co.*, 79 Ohio App., 116, 68 N. E. (2d), 833.

In cases where the insured has reserved the right to change the beneficiary of an ordinary insurance policy, the right of a wife named as beneficiary to receive the proceeds of such a policy in the absence of fraud or mistake, is not affected unless it has been terminated in one of the following ways:

1. By a change of the named beneficiary under a reserved right.

2. By a surrender or cancellation of the policy in pursuance of such right given by the insurance contract.

3. By an agreement of the parties.

The contention in this case that the right of the wife to receive the proceeds of the policies in question has been terminated by her agreement with her husband.

In *Insurance Co.* v. *Hague*, 74 Ohio Law Abs., 259, 140 N. E. (2d), 89, it was held that a named wife beneficiary had waived her right to receive the proceeds of a policy on the life of her husband under a Separation Agreement which provided:

"The said . . . hereby waives and releases all of the right, title and interest, including her right of dower, in any and all property, whether real or personal, now owned by the said . . . or of which he may become the owner in the future, or of which he may die possessed."

The Court held in that case that the husband's insurance policies were property rights, and that under the Separation Agreement the wife had waived and released all of "her right, title and interest . . . in any and all property, whether real or personal," which the husband owned, thereafter acquired or of which he died possessed.

In *Hergenrather* v. *Insurance Company*, 79 Ohio App., 116, 68 N. E. (2d), 833, the Court held that the wife had not surrendered her right to receive the proceeds of an insurance policy on the life of her husband in which she was named beneficiary under a Separation Agreement which provided:

"Each party, by these presents, is hereby barred from any and all rights or claims by way of death, inheritance, descent . . . and all rights or claims as widow, widower, heir, distributee, survivor or next of kin and all other rights or claims whatsoever in or to the estate of the other . . . whether now owned or hereafter acquired *which may come in any manner, arise or accrue by virtue of said relationship.*" (Marriage.)

The Court held in that case that the wife only relinquished and waived her rights in the property of her husband (except those items specifically named) which arose or accrued by virtue of the marriage relationship, and that her property interest in the policy did not arise out of the marriage relation.

In the instant case, under the seventh paragraph of the Separation Agreement, each party was barred of all property rights now owned or hereafter acquired *"which may in any manner arise or accrue by virtue of said marriage."*

The wife in this case under the seventh paragraph of the Separation Agreement having waived her right to property, which arose or accrued by "virtue of said marriage," and not to any other property interests; and insurance being a property interest, the Court finds that the wife's interest in the policies as beneficiary are not affected by this paragraph of the Separation Agreement.

Under the eighth paragraph of the Separation Agreement each party is given the right to dispose of his or her property without the consent of the other, and "upon the death of such party, all of his or her property, real and personal which shall not have been disposed of *during life*, or by last will and testament, shall descend" as intestate property.

Did this paragraph operate as a relinquishment of the wife's rights under the insurance policies in question?

Both of these paragraphs gave the husband the right without the consent of his wife:

1. To change the beneficiary.
2. To cash in the policies.
3. To borow money on the policies.
4. To obtain paid-up insurance.

He did none of these things.

The eighth paragraph provides for the disposition of the estate of either party at death *"which shall not have been disposed of during life."*

A policy of life insurance in which the insured reserves the right to change the beneficiary, is merely a chose in action and a chose in action is owned by the person having title. The owner may dispose of it as he sees fit, and in case of death, his estate succeeds to the ownership, unless some other previous disposition has been made thereof.

In the instant case the insured designated the wife as his beneficiary during his life. To all intents and purposes he had made a disposition of the proceeds of the policies (a chose in action) during his lifetime by naming his wife as beneficiary. He took no affirmative action to change this designation or make the proceeds a part of his estate. The wife did not bar herself from collecting the proceeds under the seventh paragraph of the Separation Agreement.

Under the circumstances surrounding this case the eighth paragraph cannot be construed to include the proceeds of the insurance policies in question as property *"not having been disposed of during life."*

Judgment accordingly.