' 224 So.2d 590

**Quin E. FLOWERS, Jr., et al., as Administrators, etc.,**

v.

**Evelyn FLOWERS.**

**4 Div. 285.**

Supreme Court of Alabama.

June 12, 1969.

Ramsey & Ramsey, Dothan, for appellants.

J. Theodore Jackson, Dothan, for appellee and cross-appellant.

LAWSON, Justice.

Appellants' argued assignments of error challenge the correctness of the trial court's holding that the proceeds of a certain life insurance certificate should be paid to the appellee, Evelyn Flowers, rather than to the appellants, who are the administrators of the estate of James H. Flowers, Jr., deceased, who was the insured in the certificate in question.

Appellee has made cross-assignments of error which assert error by the trial court in decreeing that the attorney's fee awarded appellee's attorney for his services to appellee in this litigation and court costs should be paid from the proceeds of the said insurance certificate.

Evelyn Flowers and James H. Flowers were married on June 24, 1936, and lived together as husband and wife until on or about October 5, 1963, when they separated.

On October 31, 1963, Evelyn Flowers filed suit against James H. Flowers, Jr., for separate maintenance and support.

On March 1, 1964, prior to the disposition of the suit for separate maintenance and support, James H. Flowers, Jr., became insured by Provident Life and Accident Insurance Company (hereinafter referred to as Provident) under a master policy insuring employees of General Portland Cement Company, James H. Flowers, Jr., being an employee of said Cement Company at that time. The amount of the insurance coverage on the life of James H. Flowers, Jr., was $27,500.

On March 28, 1964, James H. Flowers, Jr., designated Evelyn Flowers, his then wife, as beneficiary of the proceeds of the certificate of insurance issued to him under the said master policy. The certificate so issued shows the beneficiary to be "Evelyn Flowers, Wife." The certificate issued to James H. Flowers, Jr., gave to him the right to change the beneficiary by virtue of the following language contained therein: " * * * Any Employee may from time to time while insured thereunder change the beneficiary, without the consent of any previously designated beneficiary, by a written request signed by the Employee and filed with the Employer."

On April 1, 1964, Evelyn Flowers and James H. Flowers, Jr., entered into an agreement and property settlement under the terms of which Evelyn Flowers was vested with fee simple title to certain items of household furniture and fixtures and to an automobile. Under the terms of said property settlement it was agreed that James H. Flowers, Jr., was to pay to Evelyn Flowers the sum of $1,500 upon approval of the settlement agreement by the court and it was further agreed that upon approval of the settlement agreement by the court James H. Flowers, Jr., was to pay to Evelyn Flowers, the sum of $250 on May 1, 1964, and a like amount on the first day of each succeeding month until the death or remarriage of Evelyn Flowers.

In addition to the above, the said property settlement contained, among other provisions, the following:

"WHEREAS, on the 31st day of October, 1963, Party of the First Part filed her Bill of Complaint in this cause against Party of the Second Part, seeking the relief of separate maintenance and support for herself from and against Party of the Second Part; and

"WHEREAS, Party of the Second Part has filed his answer to said bill and said cause is now at issue, is set for trial and has been considered by both parties at great length and discussed with the respective attorneys for the parties; and

"WHEREAS, it is both feasible and desirable for the parties hereto to settle all their claims and controversies with respect to all claims and demands of every kind and character that each may have against the other, including all legal liability incident to or arising from the marriage relation of the parties and it is the present intention of the parties to settle, compromise and release each other from all claims and demands either of them has against the other, and the estate of each other, whether the same be property rights or rights of support, maintenance, alimony, dower or inheritance, and

"WHEREAS, Party of the First Part is 59 years of age, Party of the Second Part is 63 years of age, they have been married to each other for a period of 37 years, both are well educated and both have adequate legal representation in this case and have had such legal representation and advice in connection with this agreement and property settlement; and

"WHEREAS, it is the desire and intention of both of said parties, regardless of whether the marriage stands or is dissolved by divorce, to make an adequate, full

and complete and final agreement and property settlement with each other that will be fully binding on both parties between themselves, in this pending cause and in any further proceedings between the parties, including a suit for divorce.

"NOW, THEREFORE, in consideration of the premises and the mutual covenants hereinafter contained and of the recitals set forth above, it is mutually agreed by and between the parties as follows:

\* \* \* \* \* \*

"(6) This agreement and property settlement shall be filed in this cause and if approved by the Court shall become binding, conclusive and final as to both parties hereto, and their estates, their heirs, administrators, executors and assigns, and shall end this case and the Court shall not retain any further jurisdiction of this case for any later change at any later time, regardless of any change of circumstances of any kind which may occur between the parties.

\* \* \* \* \* \*

"(8) \* \* \* that although Party of the Second Part [James H. Flowers, Jr.] contends that he was in no way responsible for said separation, he has been advised by Party of the First Part that she expects to file divorce proceedings against him sometime after October 5, 1964, charging him with voluntary abandonment and it is agreed that regardless of the outcome of said case on a trial thereof, that this agreement shall be filed therein and shall completely govern the matters covered herein as between said parties and shall be final and conclusive of the matters covered herein, and shall be made a part of any decree that may be rendered therein and the decree that is rendered in said case shall be final and not left subject to change at any later date and the Court shall not retain jurisdiction in said decree in said case. Adequate provision has been made herein for counsel and attorney's fees of Party of the First Part and she hereby agrees and binds herself and that no further claim will be made against Party of the Second Part, in this pending case, in said divorce case,

or otherwise, and hereby firmly and finally releases Party of the Second Part of any and all further claim or obligation in connection therewith, but it is further agreed that if a decree of divorce is granted in favor of Party of the First Part that the court cost shall be taxed against Party of the Second Part.

"(9) That upon approval of this agreement by the Court each of the parties hereto irrevocably releases the other from any claim or demand against the other, including any claim for alimony, maintenance and support, and each relinquishes all marital and other rights in and to all real, personal and mixed property, now owned or which may hereafter be acquired by the other and all income, gifts to or inheritance by the other, except as set forth herein.

"(10) This Agreement and Property Settlement is entire and complete and embodies all understandings and agreements between the parties and no other representations, agreements, undertakings or warranties of any kind or character have been made by either of the parties to the other to induce the signing of this agreement and each of the parties hereto agrees not to assert anything to the contrary; that there is no other agreement oral or written, existing between them; and that no oral settlement or prior written matter made extrinsic to this agreement shall have any force or effect."

On April 2, 1964, the Circuit Court of Houston County entered a final decree awarding separate maintenance and support to Evelyn Flowers and ratifying the property settlement entered into by Evelyn Flowers and James H. Flowers, Jr., on April 1, 1964.

On October 7, 1964, Evelyn Flowers filed suit for divorce against her husband, James H. Flowers, Jr. On November 20, 1964, a final divorce decree was rendered granting an absolute divorce to Evelyn Flowers. In said divorce decree the aforementioned agreement and property settlement was further ratified by the trial court

and by reference was made a part of the divorce decree.

Neither Evelyn Flowers nor James H. Flowers, Jr., remarried prior to the latter's death on November 11, 1965. He had not exercised his right to change, by written request filed with his employer, the beneficiary named in the certificate of insurance issued by Provident wherein he was the named insured.

On November 17, 1965, Quin E. Flowers, Jr., and Samuel M. Torrence, Jr., were appointed administrators of the estate of James H. Flowers, Jr., deceased.

The said administrators filed a claim with Provident wherein they sought to have paid to them as administrators of the estate of James E. Flowers, Jr., the proceeds of the insurance certificate. Evelyn Flowers took the position that as the named beneficiary in the said certificate she was entitled to the proceeds thereof, and filed a claim to that effect with Provident.

Provident having failed and refused to pay the proceeds of the subject insurance certificate to the administrators of the estate of James H. Flowers, Jr., deceased, or to Evelyn Flowers, the latter on January 5, 1966, instituted this proceeding in the Circuit Court of Houston County, in Equity, against Provident as a stakeholder and against Quin E. Flowers, Jr., and Samuel M. Torrence, Jr., in their individual capacities and as administrators of the estate of James H. Flowers, Jr., deceased, to require Provident to pay the proceeds of the insurance certificate into the "registry of the court and to require the respondents to propound their claim thereto." The bill filed by Evelyn Flowers was later amended so as to eliminate Quin E. Flowers, Jr., and Samuel M. Torrence, Jr., as parties respondent in their individual capacities.

Evelyn Flowers claimed in her bill of complaint, as amended, that she was the sole owner of and the only person entitled to the proceeds of the subject certificate of insurance, but alleged that Quin E. Flowers, Jr., and Samuel M. Torrence, Jr., as administrators of the estate of James H. Flowers, Jr., deceased, claimed the proceeds of said insurance certificate.

In their answer, the aforementioned administrators denied that complainant, Evelyn Flowers, was entitled to the proceeds of the subject insurance certificate and claimed such proceeds should be paid to them in their capacities as administrators.

On March 8, 1966, Provident filed its answer admitting liability under the subject insurance certificate; admitting the substantial allegations of the complaint as amended; and averring that in making application for insurance coverage James H. Flowers, Jr., executed an application card in which he designated Evelyn Flowers, his then wife, as beneficiary.

Provident paid the proceeds of the subject insurance certificate to the Register of the Circuit Court of Houston County.

Thereafter an order was made and entered by the trial court relieving Provident from further appearance in the cause.

The trial court also ordered the Register to deposit the proceeds in an interest-bearing account and further provided in said order that the interest earned upon such deposit should be added to the principal sum of $27,500, all of which was to be paid to the party or parties finally determined by the court to be rightfully entitled thereto.

The cause was submitted for final decree upon the pleadings and stipulations of the parties, namely, Evelyn Flowers, the complainant, and Quin E. Flowers, Jr., and Samuel M. Torrence, Jr., as administrators of the estate of James H. Flowers, Jr., deceased.

The trial court on June 16, 1966, rendered and had entered a decree which (1) discharged Provident "from any further liability under the certificate of insurance involved in this suit"; (2) awarded to the complainant, Evelyn Flowers, "the funds involved herein"; (3) directed the Register to hold a reference to determine a reason-

able fee to be paid to complainant's attorney "out of the funds involved in this suit for his services in this cause"; (4) ordered the costs incurred in the litigation to be paid out of the proceeds "involved in this suit." Other provisions of the decree need not be referred to in this opinion, as they are not pertinent to any question to be decided on this appeal.

The Register held a reference as directed and thereafter reported to the court that "a reasonable attorney's fee to be paid to plaintiff's said attorney of record out of the funds involved in this suit for his services rendered in this cause is the sum of $2,750.00."

No objections or exceptions were filed to the Register's report.

But on June 28, 1966, complainant, Evelyn Flowers, filed a "Petition and Motion Relating to Attorney's Fee and Court Costs," wherein she objected to the provisions of the decree of June 16, 1966, which directed that her attorney's fee and court costs be paid out of "the funds in this suit" and prayed, in effect, that the respondents be required to pay "all sums taxed as court costs in this cause and also all sums awarded unto plaintiff's attorney in this cause" out of "funds, money or property belonging to the estate of James Henry Flowers, Jr., Deceased."

The respondents, Quin E. Flowers, Jr., and Samuel M. Torrence, Jr., as administrators of the estate of James H. Flowers, Jr., filed an answer to the petition and motion relating to attorney's fee and court costs filed by Evelyn Flowers on June 28, 1966.

The trial court on July 8, 1966, rendered a decree ratifying and confirming the Register's report and overruling and denying the petition and motion filed by complainant on June 28, 1966.

The respondent administrators appealed to this court from the decree of the trial court rendered on June 16, 1966, and, as before indicated, the appellee has made cross-assignments of error.

We pretermit consideration of appellants' Assignments of Error 1 and 2 for the reason, among others, that the matters alleged therein to constitute reversible error will have to be treated in our consideration of appellants' Assignment of Error 3, which reads: "The Court erred in holding: '1. That the plaintiff in this cause is entitled to the relief prayed for in her original bill of complaint as amended, and the funds involved herein.'" The trial court did so order, adjudge and decree.

In that part of the "Final Decree" which precedes the actual decree appears this sentence: "The Court makes the following findings of facts from the record and testimony in this cause, viz.:" That sentence is followed by a recitation of facts which were without dispute and certain conclusions which the trial court drew from those facts. Such had to be the case because no witness testified; hence there was no testimony and consequently no occasion for the trial court making "findings of facts." The word "testimony" is defined in Black's Law Dictionary, Fourth Edition, as: "Evidence given by a competent witness, under oath or affirmation; as distinguished from evidence derived from writings and other sources."

As we view the entire "Final Decree," the trial court's reasons for ruling in favor of the complainant below, Evelyn Flowers, are incorporated in the parts of the said "Final Decree" hereinafter set out:

"The agreement and property settlement entered into between the plaintiff, Evelyn Flowers, and James Henry Flowers, Jr., dated April 1, 1964, is in evidence in this cause. The court has carefully examined same and finds that there is no specific, direct or express reference therein to the certificate of insurance or the proceeds to be derived therefrom involved in this suit. The court further finds that on April 1, 1964, when said agreement and property settlement was entered into, the plaintiff, as the designated beneficiary thereof, had no property rights but a mere expectancy in and

to said certificate of insurance and the proceeds thereof which did not become a fixed, vested and legal interest until the death of James Henry Flowers, Jr., on November 11, 1965, and that by said agreement and property settlement entered into on April 1, 1964, the plaintiff could not and did not waive her future and expectant rights in said certificate. There is strong basis for concluding that the insured intended for and wanted the plaintiff to have said certificate proceeds by reason of the fact that his designation of the plaintiff as beneficiary thereof was executed on March 28, 1964, just four (4) days prior to the date of said agreement and property settlement, and he never thereafter changed said beneficiary designation. If the insured had not intended for the plaintiff to have said proceeds he could have failed to designate her as beneficiary or he could have changed the beneficiary. The court further finds that the insured made no change of beneficiary in fact, and that the beneficiary designation has not been changed in legal effect by the actions of the plaintiff in executing said agreement and property settlement or otherwise, but that at the death of the insured the expectancy of the plaintiff therein became a fixed, vested and legal interest and that plaintiff is entitled to the proceeds of said certificate and the interest accrued and to accrue thereon.

\*   \*   \*   \*   \*   \*

"It is the opinion of the court that the plaintiff, Evelyn Flowers, as named beneficiary in the said certificate of insurance at the time of the issuance of said certificate and at the time of the death of the insured and being shown to have been the lawful wife of the said James Henry Flowers, Jr., at the time of the issuance of said certificate, is not precluded from being the beneficiary in the said certificate of insurance by reason of the later divorce decree and written agreement and property settlement entered into between the plaintiff and her said former husband for the reason that the said written agreement does not specifically, directly or expressly mention the said certificate of insurance, and it is the further opinion of the court that there was no vested right under the terms of said certificate of insurance and that all rights thereto were mere contingencies which culminated into a vested right at the time of the death of the said James Henry Flowers, Jr., the insured in the said certificate of insurance.

"The court is further satisfied from the evidence and the stipulations of facts in this case that the certificate of insurance referred to contained a provision or clause giving the insured, James Henry Flowers, Jr. the right to change the beneficiary in said certificate of insurance at his will but the court is not satisfied from any of the evidence or the stipulations of facts that the insured, James Henry Flowers, Jr., ever intended to make any change in the beneficiary as set out in said certificate at the time of its issuance and the court is of the opinion that there has been no change of beneficiary in legal effect."

█ We will first give consideration to the holding of the trial court to the effect that the divorce decree, in and of itself, did not affect the right of Evelyn Flowers to receive the proceeds of the certificate of insurance here in question. We agree with that holding. It is in accord with the general rule stated in Couch on Insurance, 2d Edition, Vol. 4, § 27:111, pp. 647–648, as follows:

"In the absence of terms in the policy indicating that the rights of the beneficiary thereunder are conditioned upon continuance of the marriage relation then existing between the beneficiary and the insured, or the regulation of the matter by statute, the general rule is that the rights of the beneficiary in an ordinary life insurance policy, including the right to receive the proceeds thereof upon maturity of the policy, are in no way affected by the fact that the parties are divorced subsequent to the issuance of

the policy, especially if no attempt is made to change the beneficiary after the divorce, and the insured continues to keep up the payments on the policy, or where the decree was in her favor."

The certificate of insurance, the subject of this litigation, contains no provision to the effect that the rights of the beneficiary named therein were conditioned upon the continuation of the marriage relationship. In so far as we are advised, there is no statute in this state regulating the matter. The record does not show that James H. Flowers, Jr., made any attempt to change the beneficiary in the manner provided in the certificate of insurance after the divorce and it is without dispute that the policy was in force and effect at the time of the death of James H. Flowers, Jr. The decree of divorce was in favor of the beneficiary named in the certificate of insurance, namely, Evelyn Flowers.

We will next consider the holding of the trial court to the effect that the written agreement and property settlement under date of April 1, 1964, did not affect Evelyn Flowers' rights as named beneficiary in the certificate of insurance in question.

We agree with the trial court's statement or holding to the effect that at the time of the execution of the agreement and property settlement Evelyn Flowers, as the designated beneficiary of the said certificate of insurance, had a mere expectancy and no vested right or interest therein, since the certificate authorized a change of beneficiary at the will of the insured, James H. Flowers, Jr., without the consent of Evelyn Flowers "by a written request signed by the insured and filed with the employer," and the insured had filed no such written request with his employer at the time of the execution of said agreement and property settlement. Such is the rule of our cases. Barfoot v. Barfoot, 245 Ala. 593, 18 So.2d 465; McDonald v. McDonald, 215 Ala. 179, 110 So. 291; Phillips v. Phillips, 240 Ala. 148, 198 So. 132; Carter v. First Nat. Bank of Opp, 237 Ala. 47, 185 So. 361.

Appellants contend in brief that the trial court was led into error by relying upon its findings and holdings in a case previously decided by the trial court in which "The agreement * * * is not nearly as comprehensive as the one in this case, which is *all* inclusive." There is nothing in the record before us which even remotely indicates that the trial court gave consideration to any other case in rendering the decree in this case. The rule is well settled that we cannot consider statements in appellant's brief not supported by the record. Logan v. O'Barr, 271 Ala. 94, 122 So.2d 376, and cases cited. In disposing of appellants' contention here under consideration in this manner, we do not wish to be understood as holding that a trial court may not call upon his knowledge gained in the trial and disposition of other cases.

The provisions in the certificate of insurance relative to the manner in which a change of beneficiary could be effectuated were for the protection of the insurer. They could be waived by the insurer and were waived when it declined to take sides between the claimants, assumed the position of a stakeholder, paid the proceeds of the certificate of insurance to the Register of the Circuit Court in compliance with the order of the trial court, and was thereupon discharged. Phillips v. Phillips, 240 Ala. 148, 198 So. 132. See Norton v. Norton, 280 Ala. 307, 193 So.2d 750, and cases cited.

But the mere fact that the insurer did not take sides between the claimants does not show that there had been a change of beneficiary.

There is nothing in this record tending to show that James H. Flowers, Jr., took any action to change the beneficiary named in the insurance certificate, Evelyn Flowers, unless it can be said that the execution of the agreement and property settlement of April 1, 1964, operated to effectuate a change of beneficiary.

So a decision involves the construction of the said agreement and property settle

ment. It may be observed that the validity of such contracts has been recognized by this court (Kirkland v. Kirkland, 236 Ala. 120, 181 So. 96) ; and that the most solemn contracts are read in the light of the surrounding circumstances in an effort to ascertain the true intent of the parties where the same is of an ambiguous or indefinite import, and necessitates the determination of the true sense in which the parties employed the words of the writing. Flagg-Utica Corp. v. City of Florence, 275 Ala. 475, 156 So.2d 338; Ingalls Iron Works Co. v. Ingalls, 256 Ala. 124, 53 So.2d 847; City of Birmingham v. I. E. Morris & Assoc., 256 Ala. 273, 54 So.2d 555.

The agreement and property settlement, while comprehensive in scope, makes no specific, direct or express reference to the certificate of insurance or to the proceeds to be derived therefrom.

In Couch on Insurance, 2d Edition, Vol. 4, § 27:114, p. 655, it is said:

"The wife may, upon divorce, contract away any rights in insurance on her husband's life in which she is named beneficiary. General expressions or clauses in a property settlement agreement between a husband and wife, however, are not to be construed as including an assignment or renunciation of expectancies, and a beneficiary therefore retains his status under an insurance policy if it does not clearly appear from the agreement that in addition to the segregation of the property of the spouses, it was intended to deprive either spouse of the right to take under an insurance contract of the other, and while the failure of the husband to exercise his power to change the beneficiary ordinarily indicates that he does not wish to effectuate such a change, each case must be decided upon its own facts * * *."

We read appellants' brief as relying upon the three hereafter cited cases as supporting their contention that the broad and comprehensive language of the agreement and property settlement is such as to require equity to intervene and deny Evelyn Flowers, the former wife and named beneficiary, the proceeds of the certificate of insurance. Williams v. Williams, 276 Ala. 43, 158 So.2d 901; Brinson v. Brinson, 4 Cir., 334 F.2d 155, 10 A.L.R. 3d 795; O'Brien v. Elder, 5 Cir., 250 F.2d 275. The *Williams* and *Brinson* cases are not in point and will not be discussed.

The *O'Brien case,* however, lends support to appellants' contention. In that case the United States Circuit Court of Appeals, Fifth Circuit, in a two-to-one decision (Judge Rives dissenting) held that the administratrix of the insured's estate was entitled to the proceeds of certain life insurance policies which were in the insured's possession at the time of his accidental death, each of which named the insured's former wife as beneficiary, because of the provisions of Paragraph 7 of a separation agreement which the insured and his former wife had executed. Paragraph 7 of that separation agreement read: "That upon the performance of all the conditions contained in this stipulation, neither party hereto shall have *any claim* on the other party of *any kind whatsoever* including that for alimony." (Emphasis supplied)

We quote from the majority opinion in O'Brien v. Elder, *supra:*

" * * * The beneficiary's interest though only an expectancy is therefore derived from the insured and is a claim subsumed under the release in this agreement by the wife of 'any claim [against the husband] * * * of any kind whatsoever.' Where the right to change the beneficiary is not reserved the beneficiary's interest becomes vested when the policy is issued. The beneficiary in effect becomes the real owner of the policy and any claim he may have is against the insurance company and not the insured. In that event, of course, the beneficiary's interest is not embraced

by a separation agreement providing for the release by the parties of all claims against each other (see John Hancock Mut. Life Ins. Co. of Boston, Mass., v. Heidrick, 135 N.J.Eq. 326, 38 A.2d 442). Here, however, it is apparent that the claim with respect to the insurance exists between the parties to the agreement. We therefore find that the proceeds of these policies are covered by the language of this paragraph of the agreement.

"The judgment of the trial court [United States District Court for the Southern District of Florida] is reversed and the case remanded for action not inconsistent with the views here expressed." (250 F.2d, 279–280)

Judge Rives in his dissent said in part as follows:

"On the other hand, 7 Words and Phrases, p. 479 collects seven cases from five different states, with none contra, all holding that the word 'claim' means a legal claim, a demand of right or of supposed right. * * *

\* \* \* \* \* \*

"\* \* \* Of all who have had occasion to pass upon the issue, my two brothers are the first to decide against the named beneficiary. * * *" (250 F.2d, 280–281)

In Stone v. United States, 272 F.2d 746, the United States Circuit Court of Appeals, Fifth Circuit, had before it an appeal from a judgment of the United States District Court for the Middle District of Alabama, which judgment was reversed. The opinion in Stone v. United States, *supra,* contains this observation relative to the court's holding in O'Brien v. Elder, *supra:*

"\* \* \* This Court reversed, not on the ground that the agreement effected a change of beneficiary but on the ground that the settlement agreement operated as a relinquishment of the divorced wife's rights under the insurance con-

tracts, although in Florida the law is plain that such rights must be characterized only as an expectancy. * * *" (272 F.2d, 750)

Although the court in the *Stone case* stated that the O'Brien agreement was very similar to the Stone agreement, it did not base its reversal alone on the language of the Stone agreement. But the court made this observation:

"The settlement agreement, though perhaps not sufficient to constitute a relinquishment of Mrs. Shackelford's beneficiary status under the law of Alabama, is an affirmative act by the insured indicative of his intent to cut his former wife out of the insurance and any other property not listed in the agreement as belonging to her. There is other evidence." (272 F.2d, 751)

The "other evidence" is set out in the opinion, following which the court concluded:

"\* \* \* Perhaps a jury, on the same record, might decide exactly as the trial judge decided. We believe, however, that it is in the interest of justice that this case be decided by a jury after a full trial rather than by the district judge on a motion for summary judgment.

"The judgment is reversed and remanded." (272 F.2d, 751)

We are of the opinion that the majority holding in O'Brien v. Elder, *supra,* and some of the language of the court in Stone v. United States, *supra,* is not in accord with our treatment of the case of Merchants' Nat. Bank of Mobile v. Hubbard, 220 Ala. 372, 125 So. 335. In the case last cited, it was pointed out that the pertinent paragraph of the separation agreement read as follows:

"It is the purpose of this contract to so provide that the said Emma Price Williams Hubbard shall, and she does payments and the other benefits herehereby accept, the said annuity and cash

by secured to her, in full and absolute payment of and in lieu of any and all rights she may have or claim to have to any property, choses in action, rights or funds that may belong to said Ashbell Hubbard or may have been provided by him in any form whatsoever, all of which she does hereby grant, bargain, sell and deliver to him, and she shall and will at any time, upon request of said Ashbell Hubbard execute whatever documents may be or become necessary or desirable for the purpose of releasing and further vesting the same in him, or his nominee, save only those things which have been herein above provided to be vested in her." (220 Ala., 374, 125 So. 335)

After setting out the paragraph of the separation agreement just quoted, we said:

"The inquiry is: Were the parties contracting as to their present properties and rights, or did they intend for their contract to embrace a mere possibility or mere hope of acquiring property in the future? 2 Fearne on Remainders, p. 23, VII."

So it is apparent that we did not entertain the view that the language of the paragraph of the separation agreement under consideration in Merchants' Nat. Bank v. Hubbard, *supra,* operated to deprive the divorced wife of the proceeds of the life insurance policies of which she was the named beneficiary at the time of her former husband's death.

It is significant to note that Emma Price Williams Hubbard in the separation agreement accepted an annuity and cash payments and other proceeds secured to her by the separation agreement "in full and absolute payment of and in lieu of any and all rights she may have or *claim* to have to any property, *choses in action,* rights or funds that may belong to said Ashbell Hubbard or may have been provided by him in any form whatsoever." (Emphasis supplied)

A contract of insurance has been held by this court to be a chose in action. Williams v. Williams, 276 Ala. 43, 158 So.2d 901. Certainly this is true where, as here, the insured reserved a right to change the beneficiary. The opinion in Merchants' Nat. Bank v. Hubbard, *supra,* sets out facts and circumstances which surrounded the execution of the separation agreement and, after considering those facts in connection with the language of the separation agreement, affirmed the judgment of the circuit court which was to the effect that the former wife, the named beneficiary, was entitled to the proceeds of the insurance policies.

As heretofore shown, James H. Flowers, Jr., and Evelyn Flowers were separated on October 5, 1963. James H. Flowers, Jr., took the position that he was in no way responsible for the separation. Evelyn Flowers filed her suit for separation and support on October 31, 1963. Prior to the disposition of that suit, James H. Flowers, Jr., became insured by Provident. In his application for the insurance James H. Flowers, Jr., named Evelyn Flowers, his then wife, from whom he was separated and who had made it known that she intended to sue him for divorce, as beneficiary. She was so designated by James H. Flowers, Jr., the insured on March 28, 1964, just a few days before the agreement and property settlement was executed on April 1, 1964. The parties to that instrument were divorced on November 20, 1964. James H. Flowers, Jr., lived approximately one year after the divorce decree. He never undertook to effectuate a change of beneficiary in the manner set out in the certificate of insurance. Apparently the certificate of insurance was in his possession at the time of his death.

James H. Flowers, Jr., was an educated man and if he had not intended for Evelyn Flowers to receive the proceeds of the insurance certificate upon his death, it is not likely that he would have named her as beneficiary after the separation, pending the separation decree, and did not change

**242**

the beneficiary after the separation decree and before the divorce decree, and did not change the beneficiary after the divorce decree was rendered.

In view of the circumstances set out above and the fact that the agreement and property settlement makes no specific reference to the insurance certificate or the proceeds thereof, we conclude that the said agreement and property settlement should not be construed as showing that ·Evelyn Flowers, by executing the said agreement and property settlement, released the mere expectancy of her surviving her then husband and receiving the proceeds of the certificate of insurance, if kept in force. We are of the opinion that the trial court was correct in so holding. Merchants' Nat. Bank of Mobile v. Hubbard, *supra;* Hergenrather v. State Mut. Life Assur. Co. of Worcester, 79 Ohio App. 116, 68 N.E.2d 833; Pate v. Citizens & Southern Nat. Bank, 203 Ga. 442, 47 S.E.2d 277; Carpenter v. Carpenter (Ct. of Common Pleas of Ohio, Tuscarawas County), 185 N.E.2d 502.

Appellants' remaining assignments of error challenge the action of the trial court in awarding an attorney's fee to appellee.

Appellee's cross-assignments of error do not, of course, challenge the trial court's action in awarding her a fee for her attorney, but do assert error on the part of the trial court in "failing to order and direct the defendants [appellants] to reimburse the plaintiff at the time of disbursement of the fund involved in this suit for all sums ordered by the court to be paid out of the said fund for court costs and an attorney's fee for plaintiff's attorney."

We entertain the view that the matter of taxing costs and awarding attorney's fee in this litigation comes under the provisions of Equity Rule 36, in that the litigation is a statutory action in the nature of a bill of interpleader. Williams v. American Nat. Ins. Co., 231 Ala. 440, 165 So. 240. Under that rule the trial court

was vested with a discretion in regard to the taxation of costs and the awarding of attorney's fee. That discretion is not shown to have been abused. Jennings v. Jennings, 250 Ala. 130, 33 So.2d 251; Peavy Lumber Co. v. Murchison, 272 Ala. 251, 130 So.2d 338.

We hold, therefore, that the appellants' assignments of error last referred to above and appellee's cross-assignments of error are without merit.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.