BRADLEY, Judge.
This is a case involving the right of a designated beneficiary to receive accumulated contributions made to a retirement and pension plan by the designated beneficiary’s former spouse, now deceased.
Carol Pitts Palmer, deceased, was an employee of the city of Dothan continuously from January 24, 1977 until her death on June 12, 1981. While she was employed by the city, certain deductions were taken from her payroll as required by law, and paid into the city’s employee pension and retirement system. Act No. 103, Acts of Ala.1953, and as amended. On January 24, 1977, when Carol Pitts Palmer began working for the city, she designated her children, Lynn Knight, Deanna Knight, and Jeffrey Palmer, as the beneficiaries of the benefits of the retirement and pension system in the event of her death.
On August 19, 1978 Carol Pitts Palmer married the appellee, Timmy R. Vaughan. Eight months later, on April 26, 1979, she revoked the appointment of her children as beneficiaries and designated her then-husband, Timmy R. Vaughan, as the beneficiary of the pension and retirement system benefits in the event of her death.
Carol Pitts Palmer and Timmy R. Vaughan were divorced by the Circuit Court of Coffee County, Alabama on July 29, 1980, based on a settlement agreement entered into by the parties.
After the decree, Carol Pitts Palmer did not change the beneficiary of the death benefits due under Dothan’s employee retirement system. Moreover, the settlement agreement was silent as to the disposition of these particular benefits.
On June 12, 1981 Carol Pitts Palmer was killed in a traffic accident.
The appellant, R.W. Pitts, as administrator of the estate of Carol Pitts Palmer, deceased, made a claim for the benefits due to be paid under the city’s pension and retirement system. The city then informed Timmy R. Vaughan that he was the designated beneficiary of the benefits due. He too made a claim for the benefits due.
On July 2,1981 the city of Dothan filed a bill of interpleader in the Circuit Court of Houston County, seeking a determination as to which claimant was entitled to the benefits, which amounted to $2,215.96. R.W. Pitts, as administrator, and Timmy R. Vaughan filed answers in support of their positions. A stipulation of facts was later entered into by all parties. Upon a consideration of the matter, the circuit court concluded that Timmy R. Vaughan should be the recipient of the benefits. It is from this judgment that R.W. Pitts, as administrator, appeals.
The dispositive issue on appeal is whether the divorce decree affected the spouse-beneficiary’s right to receive death benefits due under a retirement and pension system.
The appellant argues that Timmy R. Vaughan lost his right to receive the death benefits when he executed the separation agreement, even though the deceased did not replace him as the beneficiary of her retirement benefits. The portion of the separation agreement upon which appellant is relying provides:
“2. Each of the parties hereto irrevocably releases the other from any claim against the other by reason of any matter, cause, or thing whatsoever, including claim for alimony, maintenance and support, and relinquishes all marital and other rights and all property, real and personal now owned or which hereafter may be acquired by the other, including dower and other marital rights and real property, except as hereinafter set forth.”
Although this is an issue of first impression for this court, other jurisdictions have held that if a spouse is designated as the beneficiary of a public pension and retirement pension plan prior to the divorce and the beneficiary designation was not changed by the other spouse after the divorce, then the surviving ex-spouse is enti- *83 tied to the accumulated death benefits payable under that plan. Shaw v. Board of Administration, 109 Cal.App.2d 770, 241 P.2d 635 (1952); Wolf v. Jebe, 242 Wis. 650, 9 N.W.2d 124 (1943); Kurtz v. Dickson, 194 Va. 957, 76 S.E.2d 219 (1953).
In Rogers v. Rogers, 152 So.2d 183 (Fla. Dist.Ct.App.1963), the court held that the Florida Teacher’s Retirement System’s benefits were in the nature of an annuity contract. The statute authorizing the Florida Teacher’s Retirement System is similar to the act authorizing the city of Dothan’s Employee’s Pension and Retirement System. The Florida court recognized that under the pension system, as with an annuity or other life insurance contract, one has a right to change the beneficiary. The general rule governing the effect of divorce on an insurance contract beneficiary designation was applied to the facts in that case.
We agree with the approach taken by the Florida court. There exists no practical reason for applying one rule for the effects of divorce on an insurance contract and a differing rule for a retirement and pension system’s death benefits. The rule relating to the effect of a divorce on an insurance contract in Alabama is found in the case of Flowers v. Flowers, 284 Ala. 230, 224 So.2d 590 (1969).
In Flowers the husband designated his wife as the beneficiary of a group life insurance policy procured through his employer. Immediately thereafter, the insured and the beneficiary were divorced. The insured never exercised his right to change .the beneficiary named in the policy. After his death a contest over the right to the proceeds arose between the administrator of his estate and his ex-spouse, the named beneficiary. In the interpleader action filed by the insurance company, the proceeds were awarded to the ex-spouse.
The Alabama Supreme Court affirmed the circuit court’s decision. The court held that in the absence of a clause in the policy conditioning the rights of the beneficiary on the continuance of the marriage, the beneficiary’s right to receive proceeds is not affected by a divorce. In Flowers, as in the present case, the husband and wife entered into a separation agreement containing comprehensive and broad provisions for the waiver of various present and future rights. However, the court held that since the separation agreement made no specific reference to the insurance certificate, the ex-spouse was not precluded from receiving the proceeds unless a change of the beneficiary had been made. See also Rountree v. Frazee, 282 Ala. 142, 209 So.2d 424 (1968).
Due to the similarities of an annuity and a pension system, we believe that the rule governing the effect of divorce on life insurance designated beneficiaries is the rule that should be applied to the facts in the case at bar. Consequently, we hold that the trial court properly concluded that Timmy Vaughan was the beneficiary of the funds in question. Its judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.