BEATTY, Justice.
We granted certiorari to review the holding of the Court of Civil Appeals, 435 So.2d 81, in this case of first impression. That court applied the rule relating to the effect of a divorce on an insurance contract in finding that a divorce decree did not affect the spouse-beneficiary’s right to receive accumulated death benefits under a retirement and pension plan. We affirm.
The City of Dothan filed a bill of inter-pleader in order to determine which of two claimants was entitled to receive the death benefits of Carol Pitts Palmer, deceased. The trial court held that Timmy R. Vaughan, the deceased’s ex-husband and named beneficiary under the plan, was entitled to the benefits. Following an affirmance of the judgment of the trial court by the Court of Civil Appeals and a denial of rehearing, R.W. Pitts, as administrator of the estate of the deceased, petitioned this Court for relief. The following facts, as stipulated by both parties, were set out by Judge Bradley in his opinion:
“Carol Pitts Palmer, deceased, was an employee of the city of Dothan continuously from January 24, 1977 until her death on June 12, 1981. While she was employed by the city, certain deductions were taken from her payroll as required by law, and paid into the city’s employee pension and retirement system. Act No. 103, Acts of Ala. 1953, and as amended. On January 24, 1977, when Carol Pitts Palmer began working for the city, she designated her children, Lynn Knight, Deanna Knight, and Jeffrey Palmer, as the beneficiaries of the benefits of the retirement and pension system in the event of her death.
“On August 19, 1978 Carol Pitts Palmer married the appellee, Timmy R. Vaughan. Eight months later, on April 26, 1979, she revoked the appointment of her children as beneficiaries and designated her then-husband, Timmy R. Vaughan, as the beneficiary of the pension and retirement system benefits in the event of her death.
“Carol Pitts Palmer and Timmy R. Vaughan were divorced by the Circuit Court, of Coffee County, Alabama on July 29, 1980, based on a settlement agreement entered into by the parties.
“After the decree, Carol Pitts Palmer did riot change the beneficiary of the death benefits due under Dothan’s employee retirement system. Moreover, the settlement agreement was silent as to the disposition of these particular benefits.
“On June 12, 1981 Carol Pitts Palmer was killed in a traffic accident.”
The dispositive issue on appeal is whether the divorce decree affected the spouse-beneficiary’s right to the death benefits in question. In our view, it did not.
The petitioner, relying on the following portion of the separation agreement, contends that Timmy R. Vaughan lost his right to receive the death benefits when he executed the separation agreement, even *85 though the deceased did not replace him as the beneficiary of the retirement benefits:
“2. Each of the parties hereto irrevocably releases the other from any claim against the other by reason of any matter, cause, or thing whatsoever, including claim for alimony, maintenance and support, and relinquishes all marital and other rights and all property, real and personal now owned or which hereafter may be acquired by the other, including dower and other marital rights and real property, except as hereinafter set forth.”
Since the Alabama courts have not addressed the specific question presented, the Court of Civil Appeals looked to other jurisdictions. Those courts have held that if a spouse is designated as the beneficiary under a plan, as here, and the beneficiary designation is not changed following a divorce, then the ex-spouse is entitled to the accumulated death benefits payable under that plan. Wolf v. Jebe, 242 Wis. 650, 9 N.W.2d 124 (1943); Kintz v. Dickson, 194 Va. 957, 76 S.E.2d 219 (1953).
Next, petitioner urges this Court to overrule its decision in Flowers v. Flowers, 284 Ala. 230, 224 So.2d 590 (1969). However, we can find no justification in doing so and conclude that Flowers is still good law. In Flowers an interpleader action was filed by the insurance company and the proceeds involved were awarded to the ex-wife. The husband in that case had designated his wife as the beneficiary of a group life insurance policy procured through his employer. A divorce followed but the insured never exercised his right to change the beneficiary of his policy. This Court held that the designated beneficiary’s right to receive proceeds was not affected by the divorce, absent a clause in the policy conditioning the rights on the continuance of the marriage.
We agree with the Court of Civil Appeals in finding that the similarities between an annuity or other life insurance policy and a pension system justify applying the rule governing the effect of divorce on a life insurance contract to the facts of the present ease. Here, Carol Pitts Palmer had the opportunity to change the designated beneficiary of her retirement or pension plan and chose not to do so or failed to exercise that right. The separation agreement executed at the time of her divorce made no specific mention of the plan; therefore, we can find no reason why the ex-spouse should be precluded from receiving the accumulated death benefits in this case.
Finally, petitioner claims that the opinion of the Court of Civil Appeals is in conflict with prior decisions. We find no conflict. Accordingly, the judgment of the Court of Civil Appeals is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.