PITTMAN, Judge.
This appeal, taken from a judgment of the Jefferson Circuit Court, concerns the proper distribution of a payable-on-death annuity purchased by an insured who had named a spouse as the primary beneficiary thereof but who later divorced that spouse pursuant to a judgment, which incorporated the parties’ settlement agreement, that divested the spouse of “all items of personal ... property” in the insured’s name.
The civil action from which this appeal was taken was brought by Ohio National Life Insurance Company (“Ohio Nation *461 al”), which asserted in its complaint that it had issued Patricia' C. Tipper (“the insured”) a' variable deferred-annuity contract that had initially been made payable upon the death of the insured to Tyler H. Upchurch, the insured’s son (“the son”), but that,, in October 2008, approximately three years before her June 2011 divorce from her then husband, William Robert Kowalski (“the former husband”), the insured had designated him (rather than the son) as the primary beneficiary of the annuity. After the insured died in March 2013, both the former husband and the son filed claims with Ohio National for. the annuity proceeds, and Ohio National thereafter sought a judgment declaring the rights of the former husband and/or the son as to the liquidated annuity proceeds (which, minus Ohio National’s counsel fees, were later paid into court pursuant to Rule 22, Ala. R. Civ. P., and after which payment Ohio National ceased to be a party). The former husband filed a motion for a summary judgment, asserting that, as a matter of law, he was entitled to the proceeds of the annuity notwithstanding the provisions of the judgment of divorce, which incorporated the parties’ settlement agreement, divesting him of the insured’s property, and the son ■ filed a summary-judgment motion asserting that, as a matter of law, the divorce judgment had terminated the former husband’s interest in the annuity. The trial court, in a three-page judgment, concluded'that the son was entitled as a matter of law to the funds paid into court by Ohio National, which, amounted to approximately $31,906, after which the former husband appealed to this court.
“Under Rule 56(c)(3), Ala. R. Civ. P., a trial court may properly enter a summary judgment when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Because the pertinent facts in this case are undisputed, we review the trial court’s application of law to those facts to determine whether the [son] was entitled to- a judgment as a matter of law.”
Lary v. Tom Taylor Agency, 878 So.2d 1165, 1167 (Ala.CiV.App.2003).
In Merchants’ National Bank of Mobile v. Hubbard, 220 Ala. 372, 125 So. 335 (1929), our supreme court considered whether a separation agreement entered into between an insurance policyholder and his,first wife, stating that the first wife would receive particular benefits from the policyholder under the agreement “ ‘in lieu of any and all rights she may have or claim to have to any property, choses in action, rights or funds that may belong to [the policyholder] or may have been provided by him in any form whatsoever,’ ” divested the first wife of entitlement to proceeds of the insurance policy naming.her as the beneficiary. 220 Ala. at 374, 125 So. at 335-36, It was held in that case that the interest; of the first wife was a “bare hope or expectancy” and a . “mere possibility” that fell outside the release provisions of the separation agreement,because, among other things, the policyholder “had the liberty to change the beneficiary on request and without -the assent of the beneficiary named,” and he had “had the policy in his possession and could surrender, cancel, or assign it, as he saw fit.” 220 Ala. at 375, 125 So. at 336.
The proposition . for which Hubbard stands — that such spousal-beneficiary designations are to be given effect notwithstanding intervening domestic-relations agreements or judgments divesting beneficiaries of rights to personal property of an insurance policyholder — was restated and confirmed 40 years later by our supreme court in Flowers v. Flowers, 284 Ala. 230, 224 So.2d 590 (1969). In Flowers, the owner of a policy of insurance issued on his own life named his wife as the benefi *462 ciary of the proceeds thereof but entered into an agreement in contemplation,of the spouses’ divorce in which the wife “ ‘irrevocably release[d] the [policy owner] from any claim or demand against the [policy owner], including any claim for alimony, maintenance and support,”’ and “‘relinquished] all'marital and other" rights in and to all real, personal and mixed property, now owned dr which may hereafter be acquired by the [policy owner].’ ” 284 Ala. at 234, 224 So.2d at 593.' Our" supreme court, in affirming a judgment awarding the pertinent policy proceeds to the' wife, relied upon an insurance-law treatise as support for several propositions' of law, including that the divoree of the wife from the policy owner did not, in and of itself, affect the wife’s right to receive the proceeds of the pertinent insurance policy; that mere general expressions or claüses in a' property-settlement agreement between a husband and a wife are not to be construed as including an assignment or renunciation of expectancies;- and that a named beneficiary under an insurance policy will retain that status should it not clearly appear from a property-settlement agreement incident- to a divorce that, in addition to disposition of the property of the respective spouses, the agreement was intended to deprive the beneficiary spouse of the right to take under an insurance contract of the other. 284 Ala. at 237-39, 224 So.2d at 596-98.
Notably, the court in Flowers observed that the parties’ settlement, agreement, although “comprehensive in scope,” had made “no specific, direct or express reference to the certificate of insurance or to the proceeds to be derived therefrom,” 284 Ala. at 239, 224 So.2d at 598, and again noted, in its conclusion to the effect that Hubbard mandated affirmance, “the fact that the agreement and property settlement makes no. specific reference to. the insurance certificate or the proceeds thereof.” 284 Ala. at 242, 224 So.2d at 601. Thus, contrary to the position taken by the former husband in his brief in this appeal that the “specific reference” language, of Flowers was not necessary to that decision, Flowers does indeed stand for the proposition that a settlement agreement executed in contemplation of divorce can, under certain limited circumstances, cut off a divorcing spouse’s “mere expectancy” of potentially receiving proceeds of an insurance policy pursuant to a designation of that spouse as a beneficiary that was made before the policy owner and the named beneficiary were divorced. Id. Indeed, our supreme court later concluded that extension of the rule set forth in Flowers to pension interests was “justified]” by' “the similarities between an annuity or other life insurance policy and a pension system” or plan. Ex parte Pitts, 435 So.2d 83, 85 (Ala.1983) (noting that the pertinent separation agreement had “made no specific mention of the plan”).
That having been said, we are constrained to reject the trial court’s legal conclusion in this case that the settlement agreement incorporated into the.June 2011 judgment that divorced .the insured and the former husband was sufficiently specific to divest the former husband of his mere expectancy of receiving the proceeds of the insured’s annuity pursuant to her October 2008 beneficiary designation. , The pertinent paragraph of the settlement agreement reads as follows:
“All items of personal or real property currently in the [insured’s] name or belonging solely to her[,] including[,] without limitation, -cash, bank accounts, stocks, [certificates of [d]eposit,- real estate, inherited property, deferred compensation plans, clothing, jewelry, clothing accessories, securities, pension plans, retirement plans, IRA, business interests, partnerships, insurance policies, *463 books and the like, shall be her sole property, and the [former hjusband. is divested of any interest therein.”
(Emphasis added.) Although the settlement agreement, at issue in this appeal does specify a number of classes or types of “items of personal or real property” held by the insured as to which the former husband was to have’no present or future property interest, it is in its material aspects identical to the language of the separation agreement at issue in Hubbard under which the first wife, the beneficiary, although having relinquished “ ‘any and all rights she may have or claim to have to any property, choses in action, rights or funds that may belong to [the policy owner] or may have been provided by him in any form whatsoever,’” 220 Ala. at 374, 125 So. at 385-36, was held not to have relinquished her right to receive proceeds as to a particular insurance policy as to which her interest was properly classified as a mere expectancy, rather than an existing property right, at the time the parties entered into the pertinent domestic-relations separation agreement. Although, in this case, the former husband could not properly have asserted any claim of ownership as to any policy of insurance (and, by arguable extension, any annuity contract) owned by the insured as of the date of their settlement agreement, ownership rights as to such a -policy or contract and rights as a beneficiary under that instrument are, as our supreme court noted in Rountree v. Frazee, 282 Ala. 142, 147, 209 So.2d 424, 427 (1968), “two separate and distinct things,” and a beneficiary’s right to proceeds of insurance upon the occurrence of the event against which the insurance policy was procured, ie., the insured’s death, “arise[sj out of a contractual — not a marital — relationship.”
In this case, the insured and the former husband elected not to address in their settlement agreement the specific issue of the former husband’s possible future receipt of proceeds by virtue of the insured’s previous designation of him as the primary beneficiary of her Ohio National annuity, and the insured did not act during her lifetime to either effect the cancellation of the annuity or change -the beneficiary designation under which Ohio National was to pay the person named therein (ie., the former husband) upon her death. As a result, and as a matter of law under Hubbard, Rountree, Flowers, and Pitts, the son, whether in his individual capacity or in his capacity as personal representative of the insured’s estate, was not entitled to receive the proceeds of the Ohio National annuity at issue in this case. Because the trial court erroneously reached a contrary conclusion in entering its summary judgment in favor of the son, that judgment is reversed, and the cause ⅛ remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
THOMAS, MOORE, and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs specially.