THOMPSON, Presiding Judge,
concurring specially.
It. is well settled in this state that divorce, by itself, does not affect one spouse’s right as the named beneficiary of the other spouse’s insurance policy to collect the proceeds of that policy unless a clause in the policy conditions the rights of the beneficiary upon the continuance of the marriage. Walden v. Walden, 686 So.2d 345, 346 (Ala.Civ.App.1996). That rule stems from the fact. -that, a beneficiary’s right, to proceeds from an insurance policy arises from a contractual obligation, not a marital one. Rountree v. Frazee, 282 Ala. 142, 147, 209 So.2d 424, 427 (1968). Thus, *464 an insured may name anyone — a spouse, another relative, or even a stranger — the beneficiary of his or her policy, and, in the absence of a subsequent change of beneficiary, the beneficiary named in the policy is entitled to the proceeds of the policy, regardless of whether he or she once was or has ever been married to the insured. However, although Alabama law clearly holds that divorce alone will not divest a beneficiary of his or her right to the proceeds of a former spouse’s insurance policy, Alabama law also provides that a change of beneficiary may be' effectuated in a divorcing couple’s settlement agreement.
In Flowers v. Flowers, 284 Ala. 230, 224 So.2d 590 (1969), our supreme court affirmed a trial , court’s judgment awarding the proceeds from the ex-husband’s life-insurance policy to the ex-wife because she was the named beneficiary on the policy, despite the fact that the parties had, pursuant to their divorce, entered into a settlement agreement that provided, in part, that each party “ ‘relinquished] all marital and other rights in and to all real, personal and mixed property, now owned or which may hereafter be acquired by the other....’” 284 Ala. at 234, 224 So.2d at 593. The trial court in that case based its decision on its determination that the settlement agreement made “no specific, direct or express reference to the certificate of insurance or the proceeds to be derived therefrom.” 284 Ala. at 239, 224 So.2d at 598.
On appeal of -.that judgment by the administrators of the ex-husband’s estate, our supreme court noted that there was nothing in the record to indicate that -the ex-husband had- changed the beneficiary-on the policy “unless it [could] be said that the execution of the agreement and property settlement .., operated to effectuate a change of beneficiary.” Flowers, 284 Ala. at 238, 224 So.2d at 597.
In determining whether the agreement in Flowers operated to effectuate a change of beneficiary, our supreme court, quoting from 4 Couch on Insurance, § 27:114 (2d ed.), said:
‘“The -wife may, upon divorce, contract away any rights in insurance on her husband’s life .in which she is named beneficiary. . General expressions or clauses in a property settlement agreement between a husband and wife, however, are not to be construed as including an assignment or renunciation of expectancies, and a beneficiary therefore retains his status under an insurance policy if it does not clearly appear from the agreement that in addition to the segregation of the property of the spouses, it was intended to deprive either spouse of the right to take under an insurance contract of the other, and while the failure of the husband to exercise his power to change the beneficiary ordinarily indicates that he does not wish to effectuate such a change, each case must be decided upon its own facts.’”
Flowers, 284 Ala. at 239, 224 So.2d at 598. Although our supreme court held that the settlement agreement in Flowers did not contain the requisite specificity to support a determination that it had effectuated a change of beneficiary, Flowers makes clear that an insured may, in a settlement agreement, effectuate a change of beneficiary of his or her insurance policy. However, to do so, I believe Flowers requires the settlement agreement to contain a specific reference to the insurance policy in question, and the surrounding facts and circumstances must evidence that it was the parties’ intent to divest each other of any beneficiary status each may have in the other’s' insurance policy. Flowers, 284 *465 Ala. at 242, 224 So.2d at 601 (affirming the trial court’s judgment “[i]n view of the circumstances ... and the fact that the agreement , and property settlement make[ ] no specific reference to the insurance certificate or the proceeds thereof... .'”).
I agree with the main opinion’s holding that the pertinent language of the settlement agreement in this case is not sufficiently specific to divest William Robert Kowalski (“the husband”) of his expectant interest in the proceeds of the payable-on-death annuity (“the policy”) of Patricia C. Tipper (“the insured”).' The language of the parties’ settlement agreement states that all items of personal property, including insurance policies, were to be the insured’s sole property and that the husband was divested of any interest therein. In my opinion, all that language indicates is that the insured was the sole owner of the policy. As the owner of that policy, the insured had the power to change the beneficiary or to leave the husband as the named beneficiary. By analogy, the settlement agreement also provided that the insured was to be the sole owner of other personal property, i.e., jewelry, clothing, etc., then currently in her name and that the husband was divested of any interest in that property as well. However, nothing would have prevented the insured from leaving that property to the husband in her will if she so chose. Similarly, although the settlement agreement gave the husband no ownership interest in the policy at the time of the divorce, nothing in the settlement agreement prevented the insured from disposing of the proceeds of the policy as she so desired, i.e., by retaining the husband as the beneficiary of the policy. The insured chose to retain the husband as beneficiary of the policy for nearly two years after the divorce, despite the fact that she had made changes of the beneficiary multiple times in the past and was obviously well versed in that process. Furthérmore, Tyler H. Upchurch, the insured’s son and the other party to this appeal, presented no evidence indicating that the insured’s and the husband’s intent was for the settlement agreement to divest the husband of his beneficiary status. Those circumstances, when considered in conjunction with the general language of the settlement agreement, lead me to concur with the main opinion’s determination that the settlement agreement did not serve to effectuate a change of beneficiary in the insured’s policy.