STEAGALL, Justice.
Jeanette W. Cambrón, the ex-wife of Louis Cambrón, deceased, and Loma Cambrón Light and Christopher B. Cambrón, Louis Cambron’s adult children by a previous marriage, filed claims with the Employees’ Retirement System of Alabama (“ERS”), re-questmg payment of Louis Cambron’s prere-tirement death benefits. In 1984, Louis had designated Jeanette, who was then his wife, as the primary beneficiary of his preretirement death benefits and had designated Lorna and Christopher as contingent beneficiaries. Louis and Jeanette were divorced in 1987, but Louis did not remarry, and, at Ms death m 1992, he had not removed Jeanette as the primary beneficiary.
After the ERS rejected their claim, Loma and Christopher sued the ERS and Jeanette, seeldng declaratory and injunctive relief. The trial court entered a summary judgment in favor of the ERS and Jeanette. The Court of Civil Appeals reversed the trial court’s judgment, holding that there is a question of fact as to whether Louis Cam-bron’s designation, of Jeanette as primary beneficiary remained effective despite the separation and divorce agreement. TMs Court granted the ERS’s petition for certio-rari review in order to consider whether the written beneficiary designation of Jeanette, Louis’s former wife, on file with the ERS is bmding despite the subsequent separation agreement and the divorce judgment.
In Ex parte Pitts, 435 So.2d 83 (Ala.1983), this Court, in addressing a similar issue, held that under the facts of that case — -where the wife had designated the husband as the beneficiary under her retirement plan and the parties had subsequently divorced, but the wife did not change the name of the beneficiary under the plan and the separation agreement did not mention the retirement plan — the former spouse, as the named beneficiary under the plan, was entitled to the death benefits.
Here, like Pitts, Louis did not change the name of the primary beneficiary after he and Jeanette were divorced, and their separation agreement did not specifically mention Louis’s retirement plan. Therefore, Jeanette is entitled to the preretirement death benefits. The trial court correctly entered the summary judgment in favor of Jeanette and the ERS, and the Court of Civil Appeals erred in reversing that judgment.
The judgment of the Court of Civil Appeals is reversed, and this cause is remanded for action consistent with this opmion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.