Ronald Dale RIDLEY, as Personal Representative of the Estate of Donald Albert Ridley, deceased, Petitioner and Appellee,

v.

METROPOLITAN FEDERAL
BANK FSB, Respondent,

and

Geraldine Ridley, Respondent
and Appellant.

Civil No. 950317.

Supreme Court of North Dakota.

March 15, 1996.

Price and LaQua, Langdon, for petitioner and appellee; argued by John F. LaQua.

Fleming, DuBois, Trenbeath & Einarson, Cavalier, for respondent and appellant; argued by Neil W. Fleming.

MESCHKE, Justice.

Geraldine Ridley, divorced former-spouse of decedent Donald Albert Ridley, appealed a decision awarding Donald's estate the proceeds of two IRA accounts that listed Geraldine as the primary beneficiary, and of a bank account that listed her as a joint tenant. We conclude that a stipulated divorce decree that specified Donald "shall own free of any interest of" Geraldine all savings accounts and checking accounts distributed to him, terminated Geraldine's survivorship interest in the accounts, and we affirm.

While single, Donald "rolled over" an IRA account into a like IRA account at Metropolitan Federal Bank on October 5, 1983. On December 2, 1983, he opened a second IRA account at Metropolitan. On March 10, 1984, Donald and Geraldine were married.

Later in March 1984, Donald formally designated Geraldine as the beneficiary on each of the two IRA accounts. The next day, Donald opened a joint bank account with Geraldine at the First Bank of Langdon. Donald often added to the second IRA account before their October 1990 divorce.

The divorce decree included an agreed clause:

Each party shall own free of any interest of the other all savings accounts, checking accounts and every other asset of every nature, kind and description either owned by them prior to the marriage or that is now in the respective individual's name.

Donald received both IRA accounts and the bank account from the decreed division of marital property.

Donald made no further effort to change the beneficiary or joint-tenancy designations on the accounts. After the divorce, this agreed record says Donald and Geraldine "resumed a cordial and occasional[ly] intimate relationship." On August 12, 1994, Donald died.

The personal representative of Donald's estate sought the proceeds of all three accounts. The First Bank of Langdon turned over the bank-account proceeds to the estate, but Metropolitan refused to turn over the IRA accounts before an adjudication of rights to them. Donald's estate petitioned the Cavalier County Court to determine rights to the IRA accounts. Geraldine responded with a claim to the IRA accounts as the surviving beneficiary, and also counter-claimed for the proceeds of the bank account as the surviving joint tenant.

After a trial on an agreed record, the trial court reasoned that "[t]he clause concerning bank accounts clearly states the party receiving the account would receive it *'free of any interest of the other,'*" and concluded that, unambiguously, "the term *'any interest'* includes Geraldine's inchoate survivorship interest in the joint tenancy and I.R.A. accounts." The court gave the proceeds of all three accounts to Donald's estate.

■ The trial court analyzed this case under contract law, citing and discussing *Nunn v. Equitable Life Assurance Soc'y*, 272

N.W.2d 780 (N.D.1978), and *Matter of Estate of Leier*, 524 N.W.2d 106 (N.D.1994), rather than looking to the divorce decree. However, since we adopted the doctrine of merger of a settlement agreement into a divorce decree, *see Sullivan v. Quist*, 506 N.W.2d 394, 399 (N.D.1993), a trial court should be concerned mainly with interpreting and enforcing the decree, rather than the underlying contract. *See Johnson v. Johnson*, 527 N.W.2d 663 (N.D.1995); *Anderson v. Anderson*, 522 N.W.2d 476 (N.D.1994). Interpretation of a decree is a question of law for the court. *Knoop v. Knoop*, 542 N.W.2d 114, 117 (N.D.1996). Questions of law are fully reviewable. *Id.* Although this trial court discussed the stipulation, we conclude the court effectively interpreted and enforced the divorce decree.

Geraldine appealed the trial court's decision denying her the accounts as the surviving designee, claiming that she had "certain inchoate interests" in the accounts "which were not adjudicated in the stipulation and divorce judgment." "[B]ecause her inchoate interests as the named beneficiary on the IRA accounts, and as the named joint tenant on the joint tenancy account were not changed by Donald ... during his lifetime," Geraldine argues "that upon his death she succeeded to those accounts." We disagree.

■ When the agreed divorce decree gave the bank accounts to Donald "free of any interest" of Geraldine, the earlier contractual designations of survivorship rights to Geraldine were specifically nullified. As the trial court understood, this result was foreshadowed by our decisions in *Nunn* and *Leier*. In *Leier*, 524 N.W.2d at 107–09, we summarized the Uniform Probate Code's recently reformed statutory regimen in NDCC ch. 30.1–31 for Nonprobate Transfers on Death. We also discussed and summarized *Nunn:*

We recognized [in *Nunn* ] the general rule that a beneficiary's rights in an insurance policy are not affected by a divorce between the beneficiary and insured, but we said that a beneficiary may still contract away an interest in the policy through a settlement agreement even if the beneficiary is not formally changed. We explained

that, notwithstanding the husband's failure to change the designation of beneficiary, the specific award of an insurance policy to the husband in a property settlement and divorce decree terminates the wife's interest in the proceeds, but we also said that result is not clear when the settlement and decree do not mention the insurance policy specifically. We recognized that, when the policy is not specifically mentioned, some courts refuse to rewrite the settlement to include the insurance policy, and other courts attempt to ascertain the parties' intent. We adopted a case-by-case approach for resolving the question, and we held that, under the circumstances of that case, there was no evidence the parties or the divorce court intended to distribute the insurance proceeds in the divorce.

*Leier* at 111. We employed the *Nunn* analysis to go on in *Leier* to conclude:

> In this case, the settlement agreement and divorce decree awarded Lee "exclusive ownership" of the IRA as against Eldore. However, in addition to designating Eldore as primary beneficiary of the IRA, Lee also designated his two adult daughters, Paula and Kathy, as contingent beneficiaries.
>
> .   .   .   .   .
>
> We therefore conclude that the effect of the divorce decree did not alter Lee's designation of his daughters as beneficiaries of the IRA.

For that reason, we concluded the *Leier* trial court did not err in refusing to declare Leier's surviving widow, rather than his designated contingent beneficiaries, to be the owner of that IRA account. As this trial court recognized, the *Nunn* and *Leier* rationales apply here.[1]

 Under the chapter on Nonprobate Transfers on Death, NDCC ch. 30.1–31, contract law largely controls the rights of a surviving designee of an interest in accounts.[2] Geraldine contracted to give up her rights as a survivor when she entered into the stipulation for division of property that was incorporated into the divorce decree. Without a subsequent contract or a renewed designation, the divorce decree fixed all of Geraldine's rights to the accounts distributed to Donald.

We affirm.

VANDE WALLE, C.J., and NEUMANN and SANDSTROM, JJ., concur.

Because of a vacancy on the Court at the time of hearing and decision, this case was decided by four Justices.

---

1. We also noted in *Leier*, 524 N.W.2d at 111 n. 4, that the 1993 Legislature decreed that the effect of a divorce is to revoke probate and nonprobate transfers that are revocable, and also to sever joint tenancies, "[e]xcept as provided by the express terms of a governing instrument, a court order, or a contract relating to the division of the marital estate made between the divorced individuals before or after the marriage." *See* 1993 N.D.Laws ch. 334, § 40 (codified in NDCC 30.1–10–04) (effective January 1, 1996).

2. Special rules can apply to nonprobate transfers of accounts when a surviving spouse seeks an elective share of the estate, *see* NDCC ch. 30.1–05, and when rights of creditors and others are affected. *See* NDCC 30.1–31–12; *see generally* NDCC 30.1–31–11.