On June 23, 1995, the trial court entered a judgment divorcing Judy Kay Walden and Donald G. Walden, dividing the marital property and, in pertinent part, stating: "Each *Page 346 
party is vested with [his or her] respective [Individual Retirement Account ('IRA')]." At the time of the divorce, the husband owned an IRA that he had opened on March 16, 1989, and for which he had designated his wife as the beneficiary. The husband died several months after the divorce, without having revoked the designation of his former wife as the beneficiary.
Mark Walden, as the personal representative of the husband's estate, moved to intervene in the divorce action, seeking a clarification of the court's division of the marital property, specifically the husband's IRA. The court granted the personal representative's motion to intervene and held a hearing on the motion to clarify. Following the hearing, the court entered an order stating: "[The divorce judgment] had as its purpose [the] complete divesting of each party of any interest or claim in the other party's Individual Retirement Account . . . . [A]ny payment of the proceeds from the [husband's IRA] to [the wife] would be contrary to the [judgment]." The wife moved to alter, amend, or vacate the order or, in the alternative, for a new trial; the court denied the motion. The wife appeals from the final order.
The issue presented is quite narrow: whether a divorce judgment, which does not incorporate a property settlement agreement but does give each spouse his or her IRA without addressing the designation of beneficiaries, destroys the expectancy that one spouse, as the designated beneficiary, may have in the other's IRA?
We note initially that this case appears to present an issue of first impression in Alabama. There are a number of foreign cases in which the issue is addressed in the context of a divorce judgment that had incorporated a property settlement agreement. Some of these cases hold that a divorce judgment does not destroy the expectancy a former spouse has as a designated beneficiary. See, e.g., Graves v. Summit Bank,541 N.E.2d 974 (Ind.App. 1989); Estate of Anello v. McQueen,921 P.2d 1030 (Utah 1996); Maccabees Mutual Life Ins. Co. v.Morton, 941 F.2d 1181 (11th Cir. 1991). Other cases hold that the expectancy is destroyed. See, e.g., Ridley v. MetropolitanFederal Bank FSB, 544 N.W.2d 867 (N.D. 1996); Matter of theEstate of Bruner, 864 P.2d 1289 (Okla.App. 1993); Pepper v.Peacher, 742 P.2d 21 (Okla. 1987); Kruse v. Todd, 260 Ga. 63,389 S.E.2d 488 (1990).
The record on appeal does not contain a transcript of the divorce proceedings; we, therefore, cannot review the evidence motivating the court to divide the marital property in the way it did. Further, neither party produced any relevant evidence at the clarification hearing other than that the husband had died and that the wife was the designated beneficiary of his IRA.
We do not dispute the trial court's authority to examine the judgment for purposes of clarification. See, e.g., Chapman v.Chapman, 634 So.2d 1024 (Ala.Civ.App. 1994). This examination, however, should have been limited to the scope of the provision in question, which addressed present ownership, not the expectancy each party may have had in the other's IRA.
Further, we conclude that the dissolution of the marriage had no legal effect upon the designation of the wife as the beneficiary under the husband's IRA. Our legislature has enacted a statute that provides that a divorce revokes any provisions, or appointments of property, to a spouse pursuant to a will executed before a divorce. See, § 43-8-137, Ala. Code 1975. Alabama has no such statute governing the nonprobate transfers of multiparty accounts such as life insurance policies or retirement and pension plans. However, the law is clear in Alabama regarding life insurance policies: where the insured fails to exercise his right to change the beneficiary, and absent a clause in the policy that conditions the rights of a beneficiary-spouse on the continuance of the marriage, the right of the beneficiary to receive proceeds pursuant to the policy is not affected by a divorce. Flowers v. Flowers,284 Ala. 230, 224 So.2d 590 (1969). See also, Jenkins v. Lovelady,290 Ala. 25, 273 So.2d 189 (1973). This rule has been expanded in Ex parte Pitts, 435 So.2d 83 (Ala. 1983), to include retirement and pension plans. See also Ex parte Employees'Retirement System, 648 So.2d 582 (Ala. 1994). The supreme court limited its holding in Ex parte Pitts to the facts of that case. It stated:
 "[T]he similarities between an annuity or other life insurance policy and a pension *Page 347 
system justify applying the rule governing the effect of divorce on a life insurance contract to the facts of the present case. Here, [the decedent] had the opportunity to change the designated beneficiary of her retirement or pension plan and chose not to do so or failed to exercise that right. The separation agreement executed at the time of her divorce made no specific mention of the plan; therefore, we can find no reason why the ex-spouse should be precluded from receiving the accumulated death benefits in this case."
Id., at 85. Similarly, here the husband had the opportunity to change the beneficiary of his IRA but chose not to do so or failed to exercise that right. Additionally, this case is distinguishable from Ex parte Pitts in that there was no agreement by the parties, which failed to mention the IRA, that was adopted by the court. Here, the court in its order referred to the IRA; in dividing the marital property it could have ordered one of the parties to name the other as the beneficiary of his or her IRA, yet it chose not to do so. We believe, based on the facts of this case and the similarities between a life insurance policy, a pension plan, and an IRA, that applying the rule set forth in Flowers, supra, and Ex Parte Pitts, supra, to the husband's IRA account is justified in this case.
In light of these factors, the court's order of clarification essentially appears to be an attempt to modify the divorce judgment. It is inappropriate, given the procedural posture of this case, for the court to modify the judgment. Johnson v.Johnson, 585 So.2d 89 (Ala.Civ.App. 1991). The wife, as the designated beneficiary, is entitled to the proceeds from her former husband's IRA. The judgment is reversed and the case is remanded for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE and CRAWLEY, JJ., concur.